F. H. KNOTT, Appellee, v. DUBUQUE & SIOUX CITY RAILWAY COMPANY, Appellant.

1. **Change of Venue:** JURISDICTION: WAIVER. Where a motion for a change of venue for want of jurisdiction is not ruled upon, or if overruled the ruling is not excepted to, the objection to the jurisdiction of the court will be deemed waived, and cannot afterwards be pleaded in an answer.

2. **Jurisdiction:** JOINT LIABILITY. Where, in an action against a railway company to recover damages for a personal injury, another railway company, which had assumed the liabilities of the company causing the injury, was made a co-defendant, held, that jurisdiction of the company assuming the obligation being acquired by reason of its having a line of its road through the county in which the action was brought, though such line was not owned by it when the plaintiff's cause of action accrued, and the liability being joint, the court had jurisdiction of both defendants.

3. **Pleading:** MOTION: RULING: EXCEPTION. An exception to a ruling upon a motion by one of two co-defendants will not entitle the other defendant, in whose behalf alone the motion was made, to have such ruling reviewed upon appeal.

4. **Contracts:** ACTION UPON PROMISE FOR BENEFIT OF THIRD PERSON: PLEADING: CLERICAL ERROR. The injury to the plaintiff was caused by the negligence of the Cherokee & Dakota Railway Company. Subsequently the said railway was sold to the Dubuque & Sioux City Railway Company, under a contract whereby the latter company assumed all the debts and liabilities of the former, and the plaintiff sought to recover the amount of his damages, by virtue of said contract of the said Dubuque & Sioux City Railway Company, but alleged in his petition that such agreement was made by the Sioux City & Dubuque Railway Company, instead of by the railway named. Held, that, as there was no room to doubt that it was intended to charge the Dubuque & Sioux City Railway Company with such liability, the error was without prejudice.

5. ——: ——. Such a case is within the rule giving a third person the right to sue upon a contract made in his favor.

6. ——: ——: PARTIES. And a joint action may be maintained against the wrong-doer and the party who has assumed his debts and liabilities.

7. **Master and Servant:** SAFETY OF APPLIANCES: NEGLIGENCE: CUSTOM. The plaintiff was employed as a fireman upon a locomotive, a part of his duty being to go on the tender to adjust the spout in taking water. The petition alleged that sufficient help was not furnished to break up the coal for the engine; that the coal on the engine in question was in large slippery chunks, and was negligently permitted to accumulate on the end and sides of the tender, and about the man-hole, where the plaintiff had to go. The evidence tended to show that, while the plaintiff was, in the line of his duty, upon the top of a pile of coarse, slippery coal in the tender, the engine moved without warning to the plaintiff, and that in consequence of the movement without warning, he fell, and was injured. *Held,* that, conceding it to be the custom to move the engine immediately upon the cover being placed upon the man-hole, without signal, leaving the fireman to get down over the coal, and that such custom was known to the plaintiff, yet if the character, quantity or location of the coal was such as to make the plaintiff's position unusually perilous, or if the engine moved more suddenly than usual in such cases, the custom did not apply.

8. ———: ———: ———: INSTRUCTIONS TO JURY. The jury were instructed that it was the duty of a corporation operating a railway "to use all reasonable precaution for the safety of its employees. *Held,* that, in the connection in which they were used, the words "reasonable precaution" were synonymous with "reasonable care."

9. **Tort:** ACTION: PARTIES: INSTRUCTIONS TO JURY. In an action by a servant against his master to recover for a tort, an instruction to the jury that "the uncontradicted evidence shows that the plaintiff was in the employ of the defendant" at the time of the alleged injury, is not objectionable upon the ground that the evidence showed that at such time the plaintiff was in the joint employment of the defendant named and another not a party to the action, as either employer was individually liable.

*Appeal from Lyon District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

MONDAY, FEBRUARY 1, 1892.

ACTION to recover for personal injuries. The case, as presented in the pleadings, is in substance as follows: On September 5, 1889, the plaintiff filed his petition against the Dubuque & Sioux City Railway Company, and afterwards by amended and substituted petition made the Cherokee & Dakota Railway Company a party defendant. The plaintiff alleges that on or about February 1, 1888, he was employed by the

defendants jointly as a fireman on a locomotive engine; that part of his duty was to go on the tender to adjust the spout in taking water; and that on or about that day, while in the performance of that duty, and in the exercise of care, he was, by a sudden and violent move- ment of the engine, thrown violently backwards and injured to his damage. It is alleged that said injuries were caused by the negligence of the defendants in that the engine was defective, so that from leaking steam, or other cause unknown to the plaintiff, it would start suddenly of its own accord; that the defendants failed to provide safe and suitable machinery; that sufficient help was not furnished to break up the coal for the engines, wherefore the coal on this engine was in large slippery chunks; that coal was negligently permitted to accumulate on the end and sides of the tender, and about the man-hole where the plaintiff had to go; and that the engineer in charge of said engine negligently caused or permitted it to move backward or forward without warning to the plaintiff.

The petition by amendment contains this further allegation: "That since the injuries of which the plain- tiff complains, the Sioux City and Dubuque Railway Company have for a valuable consideration agreed in writing to pay, among others, the claim of the plaintiff against the said Cherokee & Dakota Railway Company, and all other claims of a like nature to this plaintiff for the injuries complained of in this action." The Cherokee & Dakota Railway Company answered, denying generally and denying that the court had jurisdiction, for the reason that at the time of the commencement of the suit that company was not a res- ident of Lyon county, had no place of business therein, had no officer or agent in said county or at any other point in the state of Iowa except the county of Dubuque, in which notice of suit could be legally served; that the service in this case was made in Dubuque; and that at the time of the commencement of

this suit this defendant had no railroad or interest in any railroad, and did not operate any railroad in the county of Lyon.   This defendant also alleged that the plaintiff knew of the condition of the machinery, engine, coal and other appliances prior to the accident, and waived any right to recover by continuing in the service.   The Dubuque & Sioux City Railway Company answered, denying generally, and alleging that at the time of the alleged injury it had no interest whatever in the road passing through Cherokee from Iowa Falls to Sioux City, Iowa, and from Onawa, Iowa, to Sioux Falls, Dakota, through Lyon county; that it did not own said road, had no lease of the same, had no officers or agents thereon, and had no connection with the matters and things charged in the plaintiff's petition.   Upon these issues the cause was submitted to a jury, and a verdict and judgment for nine thousand dollars entered against the defendants, from which they appeal.—*Affirmed.*

*J. F. Duncombe* and *J. M. Parsons*, for appellants.

*Van Wagenen & McMillan*, for appellee.

GIVEN, J.—I.   Question is made in argument as to the jurisdiction of the district court of Lyon county

1. CHANGE of venue: jurisdiction: waiver.

over the defendant the Cherokee & Dakota Railway Company.   The record before us shows that before answering that company filed its motion, supported by affidavit, for a change of the place of trial for the following reasons:   That the Dubuque & Sioux City Railway Company did not own, and was not concerned in the operation of, the railroad at the time of the alleged accident, and that the "defendant, the Cherokee & Dakota Railway Company, at the time of the service of this notice, neither owned nor operated any railroad in or through the county of Lyon, in which this suit is brought; that it had no interest whatever in said

railroad at the time this defendant was made a party to said suit; that it had no agent or officer at any point in the state of Iowa on whom an original notice could be legally served, except in the city of Dubuque, Iowa." A counter-affidavit was filed, stating "that the Dubuque & Sioux City, by written contract, agreed to and did assume the payment of this plaintiff's claim for damages; and both defendants are jointly liable to plaintiff on his claim in this suit." The record fails to show that any ruling was ever made upon this motion. We have seen that in its answer the Cherokee & Dakota Railway Company denied the jurisdiction of the court for the reasons stated in the motion, but it does not appear that any action was taken upon the denial. There being no ruling upon this motion, or no exception by the mover, if it were ruled upon, the party moving must be taken to have waived his objection to the jurisdiction and to have submitted thereto. He will not, therefore, be heard to afterwards question the jurisdiction by answer. Code, sec. 2589.

II. It appears that at the time of the alleged injuries to the appellee the defendant, the Dubuque & Sioux City Railway Company, was not operating a line of railroad in Lyon county, but was doing so at and before the commencement of this action. As it was operating a line of railroad in that county at the commencement of the action, it was then subject to the jurisdiction of the courts in that county. As we hold that the defendants are properly joined in this action, it follows that, having jurisdiction as to the one it has also jurisdiction as to the other.

*2. JURISDICTION: joint liability.*

III. Before answering, the Dubuque & Sioux City Railway Company filed its motion to require the plaintiff to state more specifically wherein the engine was defective, in what respect the defendants failed to supply suitable machinery, and whether the agreement set up in the

*3. PLEADING: motion: ruling: exception.*

petition was in writing or oral, between whom made, and whether the plaintiff was a party thereto. This motion was overruled, except so far as to require the plaintiff to state whether the agreement was oral or in writing, "to which defendant, the Cherokee & Dakota Railway Company, excepted." It will be observed that the party making the motion did not except to the ruling, and that the party excepting did not make the motion. These defendants afterwards answered separately, and we think the ruling must be regarded as acquiesced in by the party making the motion, inasmuch as that party did not except to the ruling. The ruling was without prejudice, as the plaintiff did amend, stating wherein the engine was defective, and that the agreement was in writing. The parties to it had been previously stated.

IV. The appellants contend that it is shown by the evidence that they were improperly joined as parties

**4. Contracts: action upon promise for benefit of third person: pleading: clerical error.** defendant, and for that reason the court should have sustained their motion to dismiss. The petition charges that they jointly employed plaintiff, and that they were jointly guilty of the negligence causing the injury. There is no testimony to support this charge.

It appears without conflict that the Dubuque & Sioux City Railway Company was not in any way concerned in the operation of the railroad upon which the plaintiff was employed at the time he is alleged to have been injured, and had nothing to do with his employment. After the time of the alleged accident, and before the commencement of this action, the Dubuque & Sioux City Railway Company purchased from the Cherokee & Dakota Railway Company its line of railroad by written agreement containing the following: "In consideration aforesaid, the said party of the second part further agrees to and does hereby assume all leases, contracts, debts, liabilities, obligations and duties of the said party of the first part not

secured by the mortgage or deed of trust.'' It is upon this agreement alone that it is sought to charge the Dubuque & Sioux City Railway Company in this case. The allegation of the petition is that it was the Sioux City & Dubuque Railway Company that so agreed. Much of the appellant's argument is based upon the fact that it is not charged that the Dubuque & Sioux City Railway Company so agreed. There is no intimation in the record that there ever was such a railway company as the Sioux City & Dubuque. It is clearly a mere clerical error in giving the name of the defendant company. It is an error which did not in the least mislead or prejudice the defendants, as they had no room to doubt that the Dubuque & Sioux City Railway Company was meant. By the agreement the Dubuque & Sioux City Railway Company assumed, among other things, all the liabilities of the Cherokee & Dakota Railway Company. If the plaintiff was, at the making of that agreement,—October 29, 1888,— entitled to recover damages for the injuries alleged from the Cherokee & Dakota Railway Company, then that was a liability for which the Dubuque & Sioux City Railway Company became bound. *McElfresh v. Kirkendall*, 36 Iowa, 226.

V. The right of the plaintiff to sue upon the agreement set out in his petition is questioned upon the ground that he was not a party nor privy to the agreement. The right of a third person to sue upon a contract made in his favor has been the subject of much discussion and many diverse decisions. The general tendency of the cases is towards a recognition of the right, and in many of the states it is fully recognized. The cases are quite fully cited in an able article upon the subject in 15 American Law Review, 231; *Johnson v. Collins*, 14 Iowa 64, settled the question in this state in favor of the right of a third person to sue upon a contract made in his favor.

In that case the petition showed that one Freyberger gave money to the defendant, which the defendant promised and agreed with Freyberger to deliver to the plaintiff, but failed and refused to do so; the defendant demurred upon the ground that there was no privity of contract between the plaintiff and the defendant, and no consideration for the promise of the defendant. This court said: "It seems to us that the authorities, and especially the later ones, are all one way on this question, and these authorities are unquestionably founded upon the soundest reasoning and well-settled principles of justice and good conscience when they recognize the right to maintain this action." It is held that the law creates the privity, and that because the plaintiff could sue Freyberger, was no argument to defeat his action against the defendant; that "the law operates upon the acts of the parties, creates the duty, establishes the privity, and implies the promise and obligation upon which the action is founded." It is further said: "If the consideration moves from a third person,—the stranger, even,—and if adopted by the plaintiff, it is sufficient. The stranger, though not before the agent of the plaintiff, becomes so after such disposition, so far as to make valid the consideration." We see no distinction in principle between the cases, and therefore hold that the plaintiff had a right to sue upon the contract set out in the petition.

VI. A further contention is that the plaintiff cannot maintain a joint action against both parties. The 6. ——: ——: cause of action is the alleged tort, the neg-
parties.     ligence for which both the defendants are liable, if the allegations of the petition be true. The one defendant is liable as the wrong-doer, and the other as having assumed that liability. In an action against either, the plaintiff, to recover, must prove the tort; and his right to recover not only rests upon the same ground as to either, to-wit, the tort, but must be in the same amount. Code, sec. 2547 provides: "Any

person may be made a defendant who has or claims an
interest in the controversy adverse to the plaintiff, or
who is a necessary party to a complete determination or
settlement of the questions involved in the action,
except as otherwise expressly provided by law.'' The
appellants are not within the exception, and, as each is
interested in the controversy adverse to the plaintiff,
and are liable to the plaintiff upon the same cause of
action,—the tort,—they are properly joined as defend-
ants.

VII. It is contended that there was no evidence of
negligence to sustain the verdict.    There was evidence
7. MASTER and        that the engine moved, without any warn-
servant:
safety of appli-    ing being given to the plaintiff, while he,
ances: negli-
gence:              in the line of his duty, was upon the top
custom.
                    of a pile of coarse, splippery coal in the
tender, and that because of the movement and absence
of warning he fell and was injured.    There was evi-
dence from which the jury might properly have found
that the movement was caused by the engineer.    It is
argued that it is customary to move the engine immedi-
ately, upon the cover being placed on the man-hole,
without signal, leaving the fireman to get down over
the coal, and that the plaintiff, knowing this custom,
had no right to expect any warning.    Conceding such
to be the custom, yet, if the character, quantity or
location of the coal was such as to make the plaintiff's
position unusually perilous, or if the engine moved
more suddenly than usual in such cases, the custom
would not apply.    These considerations were all before
the jury, and there was evidence to support the con-
clusion that the engineer was guilty of negligence in
causing the engine to move when and as he did.

VIII. The appellants complain of the refusal to
give each of twenty-two instructions asked.    A care-
8. ——:——:——:    ful  examination  of  these  instructions
instructions to
jury.              shows  that  they  were  properly  refused
because of the conclusions already expressed in this

opinion, they being expressive of the appellants' claims upon those subjects, or as being sufficiently presented in the charge given by the court.    The appellants make the following objections to instructions given:

The court instructed that it was the duty of a corporation operating a railway "to use all reasonable precaution for the safety of its employes."  The appellants contend that "reasonable care" is the rule, and that "reasonable precaution" is a broader expression. Whatever distinctions there may be, the phrases are certainly synonymous in the connection in which the words were used.

The court instructed that such a corporation must keep its machinery in such condition as would not endanger the safety of an employe.   It is complained that this leaves out of the account the dangers which the employe assumes,—a qualification which is fully expressed in the paragraph that follows.   It is contended that there was no evidence of defective machinery, nor of negligence in respect to the coal, and that these charges of negligence should not have been submitted to the jury.   While it may be true that the preponderance of evidence was against these charges of negligence, there was such evidence concerning each as required the court to submit them to the jury.

IX. The court said:   "The uncontradicted evidence shows that the plaintiff was in the employ of the defendant, the Cherokee & Dakota Railway Company, as a fireman at the time of the alleged injury."   The appellants contend that he was in the joint employment of that company and the Iowa Falls & Sioux City Railway Company, and that the charge was erroneous in fact. If such was the fact, still the charge was not erroneous. If the employment was joint, as claimed, then both companies were negligent, and either liable; and, as in this action it was only sought to charge the Cherokee

9. TORT: action: parties: instructions to jury.

& Dakota Railway Company, the instruction as applied to the case is correct.

In the fifth paragraph the court instructed the jury that if they found against the Cherokee & Dakota Railway Company they should return a verdict against both the defendants, as the Dubuque & Sioux City Railway Company assumed and agreed to pay all liabilities of the other defendant. This instruction is in harmony with the views already expressed. We find no prejudicial error either in giving or refusing instructions.

The appellants urge as error the overruling of their motion to set aside the verdict and grant a new trial on the ground that the damages allowed are excessive. While the sum is large, we cannot say that it is excessive. The extent and probable effect of the plaintiff's injuries were the subject of contention on the trial, and were submitted to the jury under proper instructions. If the injuries are as claimed by the plaintiff, it cannot be said that the sum allowed is excessive. It was for the jury to pass upon this matter, and we find no reason in the record that will justify this court in interfering with their verdict in that respect.

The appellants discuss numerous assignments of error, based upon rulings admitting evidence over their objections. We do not discover any prejudicial error in these rulings of the court. None of the questions objected to called for or received answers that were controlling upon any of the questions in the case. The record submitted to us is necessarily lengthy, and the questions raised therein numerous. We have examined the record with special reference to the sixty-five assignments of error, and the forty-four paragraphs of argument, and the supplemental argument on the part of the appellants, and the argument and reply on behalf of the appellee, and upon the whole record reach the conclusion that the judgment of the district court should be AFFIRMED.