(No. 2274. Dec. 31, 1918.)

## STATE ex rel. MARTINEZ v. HOLLOMAN, District Judge.

### SYLLABUS BY THE COURT.

1. Moot questions will not be determined by the court.
                                                                P. 118

2. Sections 17 and 19, c. 43, Laws 1917, construed, and held, that a defendant against whom a mandatory injunction issues may supersede the judgment and suspend the force of the injunction pending an appeal or writ of error.      P. 119

Original mandamus by state of New Mexico, on the relation of Fabian Martinez, against Reed Holloman, District Judge. Writ partially granted.

A. B. RENEHAN, of Santa Fe (CARL H. GILBERT, of Santa Fe, of counsel), for relator.

REED HOLLOMAN, of Santa Fe, per se.

### OPINION OF THE COURT.

HANNA, C. J. This is an original action in mandamus instituted by the state, on the relation of Fabian Martinez, against Hon. Reed Holoman, judge of the First judicial district of this state.

The petition alleges that the relator was engaged in conducting a retail liquor business at Rosa, Rio Arriba county, N. M., and was the owner and holder of licenses

118    SUPREME COURT OF NEW MEXICO

State ex rel. Martinez v. Holloman, 25 N. M. 117.

therefor granted by the United States and the county of Rio Arriba; that a judgment was rendered against him, in a cause instituted by the state in the district court, by virtue of which he was permanently enjoined (1) from conducting said business at said place, (2) selling, disposing of, etc., intoxicating liquors, and (3) "keeping in his possesion in said settlement * * * any such spirituous * * * liquors, and is given ten days from the date of a service of a copy of this order upon him to remove all such spirituous * * * liquors away from the town or settlement of Rosa, * * * and unless he complies with such order, his place of business will be permanently closed and he shall be cited to appear and show cause why he should not be punished for contempt of court for not complying with said order"; that relator was granted an appeal from said order and judgment, but the motion to supersede the judgment was denied, "thereby denying to your petitioner the right to a stay of execution pending the determination of said appeal." The petition for the writ of mandamus prays that the respondent be required "to grant supersedeas on said appeal and fix the amount of the bond therefor."

Our statutes concerning supersedeas and stay of execution are sections 17 and 19, c. 43, Laws of 1917. Section 17 provides that there shall be no supersedeas or stay of execution unless the bond is presented as therein provided; that, where the decision is for a "recovery" other than a fixed sum of money, the amount of the bond shall be fixed by the court, and that—

"Upon the approval of the bonds herein provided for in this section, and upon filing the bond * * * there shall be a stay of proceedings in such cases until the same is finally determined upon such appeal or writ of error in the Supreme Court."

Section 19 provides that it is discretionary with the court to allow supersedeas in certain classes of actions and proceedings, injunction cases not being included therein.

[1] Two propositions of law are involved herein.

JANUARY TERM, 1918          119

State ex rel. Martinez v. Holloman, 25 N. M. 117.

The first is: Was the relator entitled to supersede that portion of the decree which prohibited him from conducting his business and selling intoxicating liquors at Rosa? Since the petition in this case was filed, the constitutional prohibition amendment to the state Constitution has become effective, and consequently the proposition presented is moot. The court will not discuss nor decide moot questions. Alldredge v. Alldredge, 20, N. M. 472, 151 Pac. 311; State ex rel. Woods v. Montoya, 23 N. M. 599, 170 Pac. 60.

[2] The second proposition involved herein is this: Is the relator entitled to supersede that portion of the decree requiring him to remove his intoxicating liquors from the town of Rosa? The proposition must be answered in the affirmative. The weight of authority suports the proposition that, where the injunction is mandatory, an appeal, with supersedeas, suspends the order or judgment. Note to Hulbert v. California Portland Cement Company, 161 Cal. 239, 118 Pac. 928, 38 L. R. A. (N. S.) 436. See, also, 2 R. C. L. "Appeal & Error," § 97, wherein it is said:

"On the other hand, a mandatory injunction, i. e. one which compels affirmative action by the defendant instead of merely preserving the status quo, cannot be enforced pending a duly perfected appeal."

Under our statutes the relator was entitled to give supersedeas bond and have that portion of the decree requiring him to remove his said liquors suspended pending his appeal, thus preserving the status quo of the parties. To that extent the writ of mandamus must be granted.

For the reasons stated, the writ of mandamus will issue, commanding the respondent to forthwith fix the amount of the supersedeas bond presented by relator, and upon its approval supersede that portion of the decree requiring the relator to remove his liquors from the town or settlement of Rosa, and it is so ordered.

PARKER and ROBERTS, J.J., concur.