Mardorf v. Norment, 26 N. M. 221.

---

MARDORF et al. v. NORMENT et ux.

(No. 2310.    June 8, 1920.)

SYLLABUS BY THE COURT.

Where it is made to appear to the Supreme Court by affidavit, or otherwise, after an appeal was taken, that the appellant has parted with his interest in the subject-matter of the litigation, and has by act and agreement taken a position inconsistent with his right of appeal and no actual controversy exists between the parties, the appeal will be dismissed.

Appeal from District Court, Santa Fé Couny; Holloman, Judge.

Action by C. G. Mardorf, trustee, for the Capital City Bank and the Capital City Bank, against James W. Norment and wife. Judgment for plaintiffs, and defendants appeal. Appeal dismissed.

J. H. CRIST and A. M. EDWARDS, both of Santa Fé, for appellants.

E. R. WRIGHT, of Santa Fé, for appellees.

OPINION OF THE COURT.

ROBERTS, J.    This appeal was prosecuted by James W. Norment and wife, defendants in the court below, from a judgment foreclosing a mortgage lien upon certain real estate owned by said Norments, and from the order of the court approving the master's report of sale and action thereon.

The bank purchased a judgment lien upon Norment's property for more than $4,000 known as the "Sandell judgment." Appellants contended in the lower court that the bank should have paid off the judgment and secured the satisfaction thereof under an agreement which they had with the bank, and that the money for such purpose was secured by a mortgage which they had executed to the bank. This mortgage covered only a portion of the real estate owned by the Norments, and secured other indebtedness as well. Appellants not being able to pay either the mortgage debt or the judgment lien, the bank filed suit to foreclose its mortgage and to enforce the judgment lien. It proceeded only against the property included in the mortgage. The judgment lien covered all of Norment's real estate in Santa Fé county, and the original decree entered in the foreclosure suit provided that the property should be sold and the judgment lien first satisfied. The master appointed to make the sale reported to the court that he had sold the property; that the proceeds were insufficient to satisfy both the judgment and mortgage lien; that he had satisfied the mortgage debt in full, and there was a balance of some $700 to be applied on the judgment lien, and the judgment lien was kept alive as to the remainder of Norment's real estate, and from appellants' brief this is the point they apparently desire to review in this court.

Appellees have filed a motion to dismiss the appeal because appellants have waived their right to appeal, and by their acts and conduct have estopped themselves from prosecuting the same. They have filed affidavits setting up the facts, which stand uncontradicted showing that prior to the sale the Norments divested themselves of the title to all the real estate which they owned in Santa Fé county, conveying the same to Mr. Hawkins, Mr. Norment's brother-in-law; that the real estate was subsequently transferred to the Mutual Investment & Agency Company, a holding company formed by Mr. Hawkins; that at the request of Norment, acting through his attorney, the time for redemption was extended on the prop-

erty bid in by the bank in satisfaction of the judgment of foreclosure; that at his request the ''Sandell judgment'' was assigned to Hawkins by the bank. It is contended by appellees that a judgment of reversal at this time would be ineffectual; that Norment has no further interest in the judgment or the property upon which it was a lien, and this is apparently true from the affidavits and records before us.

This being true, there is no actual controversy now existing between Norment and the bank. An appellant may be estopped from prosecuting an appeal by act or agreement which is inconsistent with such right (3 C. J. 664), and where there is no actual controversy, there can be no appeal (Elliott's Appellate Procedure, § 148). For this reason the appeal must be dismissed; and it is so ordered.

PARKER, C. J., and RAYNOLDS, J., concur.