YATES et al. v. VAIL et al.

Yates et al. v. Vail et al., 29 N. M. 185.

1.  If several parties are entitled to move or object, and less than all do so, those who fail or refuse to join therein derive no benefit from such motion or objection.

On Motion for Rehearing.

2.  The court will not decide moot questions.

3.  The court will receive and consider evidence, dehors the record, of a settlement of the controversy involved in a case on error or appeal.

Error to District Court, Colfax County; Leib, Judge.

Suit by John F. Vail and others against Nicholas Yates and others. Judgment for plaintiffs, and defendants bring error. Affirmed.

Bickley, Kiker & Voorhees, of Raton, for plaintiffs in error.

Crampton, Phillips & Darden, of Raton, for defendants in error.

OPINION OF THE COURT

BOTTS, J.   Suit by defendant in error, Vail, to foreclose a mortgage made by the plaintiffs in error. The latter answered and cross-complained against Vail and the other two defendants in error who were brought in as new parties by the cross-complaint. Defendants in error filed their separate "replies" to the cross-complaint. Plaintiffs in error, Yates and wife, filed their motion to strike certain parts of the replies, and also a "motion" objecting to the case going to trial until they had replied to the new matter of the "replies" of the defendants in error, claiming that the case was not at issue until they should have done so or or suffered 20 days' time to elapse without pleading further, and demanding a jury trial, first of the issues made by the complaint and answer, and, second, of the issues made by the cross-complaint and "replies." Judgment of foreclosure, and the case is here on error.

By their brief the plaintiffs in error make three points: (1) That the court erred in overruling the motion to strike; (2) that the case was not at issue

when tried; and (3) that a jury trial should have been granted.

After the brief of plaintiffs in error had been filed, on motion of defendants in error, the bill of exceptions, or more properly the authenticated stenographer's transcript, was stricken. Then, after answer and reply briefs had been filed, the plaintiffs in error, Yates and wife, stipulated with defendants in error that the writ of error shall be dismissed. This leaves the case pending here as between the plaintiffs in error, Fabielli and wife, and the defendants in error.

[1] Passing over the contention of the latter that the points made cannot be reviewed in the absence of the stenographer's transcript, an examination of the record proper discloses that the motions and objections by which the questions were raised, if they were so raised, were made only in behalf of the plaintiffs in error who have stipulated a dismissal. Since Fabielli and wife did not join with their coparties in the motions and objections, they derive no benefit therefrom, and they have nothing before us for review. Knott v. Dubuque & S .C. R. Co., 84 Iowa 462, 51 N. W. 57; Nickerson v. Canton Marble Co., 35 App. Div. 111, 54 N. Y. Supp. 705.

It follows that the writ of error should be dismissed in so far as the plaintiffs in error, Yates and wife, are concerned, and, as to the other plaintiffs in error, the judgment of the lower court should be affirmed, and it is so ordered.

PARKER, C. J., and BRATTON, J., concur.

On Motion for Rehearing.

BOTTS, J. By their motion for rehearing counsel for plaintiffs in error, Nicholas Yates and wife, call our attention to the fact that the stipulation upon which we based our opinion was not signed by them in behalf of said plaintiffs in error, but by the plaintiffs in error personally, and argue that inasmuch as the parties had

appeared herein by counsel, such counsel have the exclusive control and management of the cause, and that we should disregard the stipulation. It is their contention that while a litigant may appear either in his own proper person, or by attorney, he cannot do both.

Be that as it may, defendants in error have now furnished an affidavit by Yates to the effect that the subject-matter of the litigation has been fully compromised and settled, and thereupon argue that any questions which were in the case have become moot. The settlement is not disputed by counsel for said plaintiffs in error.

[2] It is a rule of universal application, so far as we know, that an appellate court will not sit in judgment on a controversy which has ceased to exist. Our own court has declared the principle in a number of cases. State ex rel. Woods v. Montoya, 23 N. M. 599, 170 Pac. 60; State ex rel. Martinez v. Holloman, 25 N. M. 117, 177 Pac. 741; Mardorf v. Norment, 26 N. M. 221, 190 Pac. 736; Page v. Gallup, 26 N. M. 239, 191 Pac. 460.

[3] Nor is it material that the fact of the compromise and settlement does not appear in the record. We are authorized to take notice of the fact from evidence dehors the record. Dakota County v. Glidden, 113 U. S. 222, 5 Sup. Ct. 428, 28 L. Ed. 981.

Counsel also call our attention to a misstatement of fact in our original opinion as to the time of filing the stipulation. Upon a re-examination of the record, we find counsel are correct, and that the stipulation was filed before the briefs. As we view it, the time of filing is not material, but we make the correction in furtherance of accuracy of statement.

The previous order of the court disposing of the case will not be disturbed, and the motion for rehearing will be overruled.

PARKER, C. J., and BRATTON, J., concur.