OPINION OF THE COURT
October 28, 1922, an alternative writ of mandamus was issued and served upon the board of county commissioners of Bernalillo county, wherein it was recited that the relators (defendants in error) had, by petition, made it to appear that the two dominant political parties in the state of New Mexico and the county of Bernalillo were the Republican party and the Democratic party, and that relator H.G. Coors, Jr., was chairman of the Democratic central committee of Bernalillo county, and relator Zamora, the duly nominated Democratic candidate for sheriff of said county; that all of the county commissioners of said county were elected as candidates of the Democratic party; and that in selecting three election judges for each of the several precincts of the county for the general election, to be held November 7, 1922, from the lists of names submitted respectively by the county chairman of said two political parties, it was the duty of the board to have selected in each precinct two judges from the list submitted by relator Coors, as Democratic chairman, but that said board, in violation of its duty, had selected but one judge for each precinct from such list, selecting two other judges for *Page 483 
each precinct from the list submitted by the Republican chairman.
The respondent board and the members thereof (plaintiffs in error), on October 30, 1922, filed a return to the alternative writ in which they admitted the facts above set forth, but denied their alleged duty, asserted their discretion in the premises, and prayed that the alternative writ be quashed and the proceedings dismissed. Upon this alternative writ and return, judgment was entered on said October 30, 1922, granting peremptory writ of mandamus, requiring the respondent board to convene and revoke the appointment of one Republican judge in each precinct, and to appoint in each precinct one additional judge from the list furnished by the Democratic chairman.
November 4, 1922, the Chief Justice of this court granted writ of error and supersedas; the transcripts upon said writ of error having been filed herein February 14, 1923.
It is apparent from the foregoing statement that no substantial relief can be afforded in this case. It is admitted by plaintiffs in error that the question is now moot, but it is urged that in view of the public importance of the question involved, being the construction of section 1980, Code of 1915, we should proceed to consider and decide the cause. No briefs have been filed by defendants in error.
We do not believe that it is a proper or useful function of this court to decide moot questions. Yates et al. v. Vail et al.,29 N.M. 185, 221 P. 563. Passing the question whether any case could be of sufficient public importance to justify us in deciding it after it had become moot, we should, in any event, desire the aid to be had from argument or briefs of counsel. The question involved does not seem to possess sufficient importance at this time to warrant us in requesting such aid from counsel apparently no longer interested.
For the reasons stated, the writ of error will be dismissed.
PARKER, C.J., and BICKLEY, J., concur. *Page 484