[No. 3230.   Sept. 21, 1927.]

NOCE v. NOCE et al.

[281 Pac. 460.]

E. A. Martin, of Gallup (E. R. French, of Gallup, of counsel), for plaintiff in error.

H. C. Denny, of Gallup, and Simms & Botts, of Albuquerque, for defendant in error Josephine Noce.

### OPINION OF THE COURT

PARKER, C. J.  Plaintiff in error (plaintiff below) brought a suit for injunction against the defendants to restrain them from disposing of certain monies pending a

controversy as to the distribution of the same, claiming as heirs of a decedent. The court refused the injunction and dismissed the complaint, from which judgment plaintiff has brought the case here by writ of error.

Since the docketing of the cause in this court, the defendant Josephine Noce has filed a motion to dismiss the writ of error, upon the ground that the question involved has become moot. It appears from the showing made that an administrator of the estate of the decedent has been appointed, and has taken charge of the subject-matter of the controversy, and the estate is being administered in accordance with the law. It therefore appears that there no longer exists any question between the parties which is not within the jurisdiction of the probate court of the county. There is nothing, therefore, for this court now to decide. Under such circumstances this court will not further entertain the cause. See Yates v. Vail, 29 N. M. 185, 221 P. 563.

It follows that the writ of error should be dismissed, and the judgment affirmed, and the cause remanded; and it is so ordered.

BICKLEY and WATSON, JJ., concur.

ON REHEARING

PARKER, J. Since delivering an opinion dismissing a writ of error in this case on the ground that the questions involved were moot, we have had occasion to more carefully examine the question, and now have concluded we were in error in dismissing the writ. See Massengill v. City of Clovis, 33 N. M. 394, 268 P. 786. The appellant still has the question of his liability on his injunction bond in this case. The motion to dismiss the writ of error will therefore be overruled, and the case will stand for hearing on the merits; and it is so ordered.

BICKLEY, C. J., and WATSON, J., concur.

CATRON and SIMMS, JJ., did not participate.