293 P.2d 314

**Frances E. HATCH, Appellant,**
**v.**
**Virginia KEEHAN, Appellee.**
**No. 6022.**

Supreme Court of New Mexico.
Jan. 30, 1956.

**2**

Glenn G. Stiff, O. O. Askren, Roswell, for appellant.

Willard F. Kitts, Santa Fe, for appellee.

E. P. Ripley, Santa Fe, amicus curiae.

COMPTON, Chief Justice.

Appellant, plaintiff below, brought this action to require restoration by appellee of public moneys allegedly paid her for personal services not rendered and to enjoin further receipt by her of public funds. The cause was tried to the court, and from an adverse judgment, appellant prosecutes this appeal to review alleged errors.

The applicable statutes, § 40–8–12 and § 40–8–13, 1953 Comp., read:

"40–8–12. Except in the case of payments covering lawful vacation periods and absences from employment because of sickness, any person who receives payment, or any person who makes payment or causes payment to be made from public money where such payment purports to be for wages, salary, or other return for personal services and where such personal services have not in fact been rendered, shall be guilty of a felony and shall be punished by a fine of not less than one thousand dollars ($1,000.00) *nor more* than five thousand dollars ($5,000.00) or by imprisonment for not less than one (1) year nor more than two (2) years, or by both such fine and imprisonment."

"40–8–13. With respect to payments made or to be made by any state officer, employee or agent, any citizen of the state of New Mexico, and, with respect to payments made or to be made by any officer, employee or agent of any county, municipality or political subdivision, any citizen of the state of New Mexico, resident in such county, municipality, or political subdivision, may file suit in the district court *to restrain the payment or receipt of public money* in violation of section 1 (40–8–12) hereof. Jurisdiction to entertain and adjudicate such suits is hereby conferred upon the several district courts and such suits shall be subject to the same rules, statutes and law with respect to procedure, venue, appeals and the like as ordinary civil actions for injunctive relief." (Emphasis ours.)

In August 1952, Tom Wiley, then Superintendent of Public Instruction, employed appellee as Director of Guidance and Special Services of New Mexico State Department of Education. As a part of her contract of employment it was agreed that

 

during the summer months she might pursue courses directly related to her duties as such Director in some recognized college or university as to enable her the better to discharge her duties as Director in New Mexico. Thereafter, during the summers of 1953 and 1954, for a period of approximately eight weeks, she was enrolled as a student at the University of Colorado, during which time she received a salary of $535 per month. Her services with the department continued at least until the date of the trial.

■ ■■ The question presented is whether appellee in fact rendered personal services to the state while pursuing her studies at the University of Colorado. We are relieved of the necessity of discussing the question to a conclusion. The statute confers no authority upon a private citizen to bring an action for the recovery or restoration of public funds. Compare State ex rel. Hannett v. District Court, Santa Fe Co., 30 N.M. 300, 233 P. 1002. Clearly, the authority granted private citizens is restricted to the bringing of actions to restrain the payment or receipt of public funds and we take note of statements of counsel at the oral arguments that appellee is no longer employed as Director by the Department of Education. Consequently, the question is moot and it is contrary to the policy of this Court to try purely academic causes. State ex rel. Hughes v. McNabb, 38 N.M. 92, 28 P.2d 52; Board of Com'rs of Bernalillo Co. v. Coors, 30 N.M. 482, 239 P. 524; Yates v. Vail, 29 N.M. 185, 221 P. 563.

The appeal should be dismissed and the cause remanded, and it is so ordered.

LUJAN, SADLER and McGHEE, JJ., concur.

KIKER, J., not participating.