323 P.2d 1107

STATE of New Mexico, ex rel. Jacobo BERNAL, Plaintiff, Relator,

v.

Mary FORAKER, Georgia L. Lusk, Harold Goff, Homer Heathman, Joseph B. Grant, Robert M. Duncan, Mark Chatfield, as Members of the New Mexico Educational Retirement Board, and Floyd S. Santistevan, as Director of said Board, Defendants, Respondents.

STATE of New Mexico, ex rel. Adelino SANCHEZ, Plaintiff, Relator,

v.

Mary FORAKER, Georgia L. Lusk, Harold Goff, Homer Heathman, Joseph B. Grant, Robert M. Duncan, Mark Chatfield, as Members of the New Mexico Educational Retirement Board, and Floyd S. Santistevan, as Director of said Board, Defendants, Respondents.

Nos. 6333, 6334.

Supreme Court of New Mexico.

April 10, 1958.

Rehearing Denied May 2, 1958.

Arthur T. Noble, Jr., Taos, for relators.

E. P. Ripley, Santa Fe, for respondents.

Fred M. Standley, Atty. Gen., Robert F. Pyatt, Asst. Atty. Gen., amicus curiae.

PER CURIAM.

These are proceedings in mandamus to compel the payment of retirement benefits. The cases, involving substantially the same questions of law and fact, have been consolidated on appeal.

Relators were retired and placed on emeritus status by the New Mexico Educational Retirement Board pursuant to the provisions of § 73–12–16, N.M.S.A.1953, the pertinent portion of which reads:

"The board of education of any municipality, * * * shall, upon request of any employee entitled to the benefits of this act (55–1114—55–1121 [73–12–16 to 73–12–23]), or in the absence of such request may, but in any event with the approval of the state education retirement board, retire from active service and establish an emeritus employment status with any teacher, supervisor, employee of the public schools, or any regular full time employee of the aforesaid state institutions, boards, or offices, under the conditions hereinafter set out. * * *."

Thereafter, relator Bernal accepted the position as County School Superintendent of Taos County and served for a term of two years during which time he drew the salary provided by law for that office. In like manner, relator Sanchez accepted the position as Superintendent of the Municipal Schools at Grants and has since been so employed, receiving the salary incident thereto. When the respondent board learned of the reemployment in the school systems named, they suspended further payment of retirement benefits. We issued writs directing the board to make the payments to relators during the time they were so employed, or show cause why they had not done so. In due time respondents answered setting up legal questions.

The decisive question is whether the Educational Retirement Board may withhold retirement benefits from retired or emeritus employees during the time such employees are holding positions in the public schools of the state and drawing salaries for such services.

The question requires an affirmative answer. The benefits under the retirement act are for those teachers who "retire from active service." A teacher, by accepting the benefits, removes himself completely from the public school system of the state. To construe the term otherwise could well lead to the pyramiding of income, something the teaching profession would not approve, and something not contemplated by the legislature.

There remains a further question as it concerns relator Sanchez. He makes the contention that he is now entitled to qualify for benefits under the terms of Chapter 197, Laws of 1957, which apparently grants more liberal retirement benefits. The contention can not be sustained. Section 73–12–64, N.M.S.A.1953 Comp., is retained as a part of the 1957 act. The section provides:

"All persons who have heretofore been retired under the provisions of sections 73–12–16 through 73–12–19, 73–12–24, 73–12–27 through 73–12–29,

73-12-31 and 73-12-32 New Mexico Statutes Annotated, 1953 Compilation, upon the basis of service and age, shall be deemed to have retired under the Educational Retirement Act and shall continue to receive retirement benefits in the same amount which they were heretofore receiving."

It follows that our writs were improvidently issued, and should be set aside.

It is so ordered.

LUJAN, C. J., and SADLER, McGHEE and COMPTON, JJ., concur.

SHILLINGLAW, J., not participating.