360 P.2d 639

NEW MEXICO BUS SALES, a partnership consisting of Ray Orwick and Ray Orwick, Jr., Plaintiff-Appellant,

v.

A. A. MICHAEL, M. Lee Hassell, J. H. Fjourd, Pete Aragon, Joe A. Fidel, Individually and as Members of the Board of Education of Grants Municipal Schools, and Manuel McBride, Defendants-Appellees.

No. 6743.

Supreme Court of New Mexico.

March 15, 1961.

**224**

Zinn Law Offices, Dean S. Zinn, Santa Fe, for appellant.

Botts, Botts & Mauney, Albuquerque, for appellees.

CHAVEZ, Justice.

Appellant, plaintiff below, filed petition for a writ of mandamus in the district court of Valencia County, against appellees, defendants below, the Board of Education of Grants Municipal Schools, and the superintendent of said schools.

The petition alleged that sometime prior to August 11, 1959, appellees invited bid proposals for furnishing appellees with one 48-passenger school bus and one 60-passenger school bus for the 1959–1960 school year, and sets out that the bids would be opened on August 11, 1959, at 2:00 P.M. Appellant further alleged that it submitted a bid which met and complied in all respects with all of the specifications, and that their bid was the lowest and best bid by a responsible bidder, within the meaning of the Public Purchases Act Statute. Appellant also alleged that appellees accepted the bid proposal of H & J Chevrolet Company of Grants, New Mexico, at a regular meeting of said municipal board of education; that the award to H & J Chevrolet Company was made, notwithstanding that appellant's bid was lower by the sum of $716.47; and that H & J Chevrolet Company's bid proposal failed to meet the specifications. Appellant further alleged that at the time of the bid it was able to make delivery within thirty days, and that appellees arbitrarily and capriciously abused their discretion in awarding the bid to H & J Chevrolet Company. Appellant

then alleged that it had no adequate remedy at law and that their sole remedy is by mandamus to compel appellees to cancel, set aside and rescind the purported award to H & J Chevrolet Company; that unless the performance of said purported bid acceptance be stayed, that appellant will suffer great and irreparable injury, to wit loss of profits in the sum of $600 and other expenses in the total sum of $1,000 and attorney's fees. Appellant then prayed that an alternative writ of mandamus issue, commanding appellees to set aside the purported acceptance of the H & J Chevrolet Company's bid and commanding appellees to accept the bid of appellant.

The district court issued an alternative writ of mandamus on September 4, 1959.

Appellees filed answer to the alternative writ of mandamus, questioning the standing of appellant to bring mandamus, alleging that appellant had an adequate remedy at law, to wit, by injunction; denying that appellant's bid met the specifications of the bid proposal; and that the appellees, at all times, acted in good faith in awarding the bid. Appellees also alleged that it was impossible to ascertain from appellant's bid whether it met the specifications and that appellees, in their discretion, determined that appellant's bid did not meet said specifications.

On the above issues, the case was tried by the court and on October 28, 1959, the trial court entered its judgment, denying the issuance of a peremptory writ of mandamus and dismissing the alternative writ. From this judgment, appellant, plaintiff below, filed this appeal.

The proposal for bids sets out that the busses were to be delivered as soon as possible and appellees reserved the right to reject any and all bids and to waive all technicalities. The specifications, which were part of the proposal bids, required that the busses be of the "latest current production model" and also provided that "The contractor shall guarantee all materials, equipment, and supplies for a period of one year from the time of delivery." Appellant's bid stipulated that: "Warranty on body will be for one year, Warranty on chassis will be for 90 days or 4000 miles, whichever comes soonest." Appellant concedes that it did not comply with the bid requirement that the contractor shall guarantee all materials, equipment, and supplies for a period of one year from the time of delivery.

Appellant relies on two points for reversal: (I) That the substantial evidence of record requires issuance of a peremptory writ of mandamus and an award of damages to appellant; and (II) that the award of bid by appellees to H & J Chevrolet Company violated the Public Purchases Act.

Appellees, in their brief and by affidavit of M. B. McBride, the superintendent of the Grants Municipal Schools, set out that after the district court entered its judgment dismissing the alternative writ of mandamus, that actual delivery was made of the busses involved and payment made therefor; that the relief sought is to require appellees to make a contract with appellant which has already been made and performed between appellees and another; and that to issue a writ at this stage of the proceedings would be futile. In short, that the question is moot. Appellant says that it may be argued that the issuance of a writ of mandamus at this stage has become impracticable and a vain and useless thing, but says further that the very least that appellant is entitled to is the award of damages in the sum of $2,000.

It is unnecessary to discuss appellant's point I, other than to say that the principle in this jurisdiction through a long line of decisions is settled that this court will not decide abstract, academic, hypothetical or moot questions, or grant a party unavailing relief. Costilla Land & Development Co. v. Allen, 17 N.M. 343, 128 P. 79; Valencia Water Co. v. Neilson, 27 N.M. 29, 192 P. 510; Yates v. Vail, 29 N.M. 185, 221 P. 563; Carman v. Bd. of Com'rs of McKinley County, 32 N.M. 517, 259 P. 821; State ex rel. Hughes v. McNabb, 38 N.M. 92, 28 P.2d 521; Hatch v. Keehan, 61 N.M. 1, 293 P.2d 314; Board of Com'rs of Bernalillo County v. Coors, 30 N.M. 482, 239 P. 524; Porter v. Robert Porter & Sons, Inc., N.M. 359 P.2d 134.

Upon the question of the damages sought by appellant, suffice it to say that § 22–12–12, N.M.S.A.1953 Comp., permits a damage award in conjunction with the granting of a peremptory writ of mandamus. The trial court having denied the writ, appellant cannot recover damages.

Under point II, appellant relies on § 6–5–4, N.M.S.A.1953 Comp., which provides:

"The bid of the lowest responsible bidder * * * shall be accepted, except where the specifications of the goods offered do not meet the specifications of the purchaser, the lowest bid which does meet such specifications shall be accepted; Provided, however, a purchaser may reject all bids. * * *"

It is undisputed that the bid proposals provided for a guarantee of all materials and equipment for a period of one year, and that appellant's bid on the chassis contained a warranty "for 90 days or 4000 miles, whichever comes soonest."

The trial court made the following findings of fact:

"III

"Plaintiff's bid was for 1959 models and the other two bids were for 1960 models. Plaintiff's bid provided a chassis warranty for 90 days or 4,000

miles whichever first occurred, whereas the requirements of the defendant Board, as outlined in the specifications, copies of which were, at all material times, in the hands of all bidders, required a one year guarantee of workmanship and materials. In numerous other respects it could not be determined whether plaintiff's bid complied with the specifications.

### "IV

"Defendant Board considered all bids in open public meeting and, after full discussion, awarded the bid to H & J Chevrolet Company. The three principal considerations which moved the defendant Board to make such award were: (1) failure of plaintiff to meet the one year guarantee requirement; (2) the defendant Board's inability to determine whether plaintiff's bid met the specifications in other respects; (3) the defendant Board's determination that 1960 models rather than 1959 models met the defendant Board's requirements set out in the specifications that both chassis and body be the latest current production models.

### "V

"In making the determination set out in finding number IV above, the defendant Board acted reasonably and in good faith.

### "VI

"Plaintiff's bid departed sufficiently from the requirements in the specifications that the defendant Board was justified in determining that it did not meet the specifications.

### "VII

"Defendant Board was justified in determining that the bid of H & J Chevrolet Company did meet specifications and that it was the lowest bid which did meet specifications."

The evidence was conflicting as to whether 1960 models were the "latest current production model" and whether H & J Chevrolet Company's bid was based on the 1960 model. Both issues were resolved by findings of the trial court. The trial court likewise found that appellant's bid did not meet appellees' specifications as to the warranty and that appellees were unable to determine from the bid whether appellant's bid met the required specifications in other respects.

The court concluded as a matter of law that the bid of H & J Chevrolet Company was the lowest bid meeting the specifications, and that in awarding the bid, appellees acted in good faith and in conformity with § 6–5–4, supra. The court denied the issuance of the peremptory writ and ordered the alternative writ dismissed.

Even though we would admonish all city, town and state boards, including school

boards such as appellees, to whom have been entrusted the expenditure of public funds, that in spending public funds and in the manner of the acceptance of bids on any proposals, that extreme care and caution be exercised to the end that the spirit as well as the letter of the pertinent statute be followed; however, we cannot say in the light of the trial court's findings of fact that appellees abused their discretion in making their award to H & J Chevrolet Company. The trial court found the three principal considerations which moved appellees to make the award, as hereinbefore set out.

We are bound by the rule that the evidence must be considered in an aspect most favorable to appellees, and that the facts found by the lower court are the facts to be reviewed by us and, if supported by substantial evidence, they must be sustained. Pentecost v. Hudson, 57 N.M. 7, 252 P.2d 511. See also State ex rel. Gary Electric v. Fireman's Fund Indemnity Co., 67 N.M. 360, 355 P.2d 291.

We have examined the record and conclude that there is substantial evidence to support the findings of the trial court.

Finding no error, the judgment of the district court is affirmed.

It is so ordered.

CARMODY and NOBLE, JJ., concur.

COMPTON, C. J., and MOISE, J., not participating.