391 P.2d 323

Vernon J. SNODGRASS, Petitioner-
Appellant,

v.

The TULAROSA BOARD OF EDUCATION
and Esau Castillo, Leo Ortiz, Dennis Walk-
er, Paul Brusuelas, and Mrs. John Russell,
constituting the Members of said Board, Re-
spondent-Appellee.

No. 7459.

Supreme Court of New Mexico.

April 6, 1964.

C. C. Chase, Jr., Alamogordo, for appel-
lant.

Shipley, Seller & Whorton, Alamogordo,
for appellees.

MOISE, Justice.

Appellant, a teacher with tenure rights
in the Tularosa schools, was not given no-
tice of reemployment or dismissal at the
end of the 1961–62 school year as required
by § 73–12–13, N.M.S.A.1953. Instead, he
was given a letter advising him that since
he would reach the age of 60 years on Au-
gust 7, 1962, before the beginning of the
1962–63 school year, he was being retired
by the appellee board.

Omitting the unsuccessful steps taken by
appellant to obtain a contract for the 1962–
63 school year, this action was brought seek-
ing a writ of mandamus directed to appellee
to tender appellant a contract of employ-
ment as a teacher in the Tularosa school
system for the 1962–63 school year, or in
the alternative directing it to pay appellant
$6,000.00, being the salary which he would
earn as a teacher.

After hearing, the court dismissed the
complaint, and this appeal followed. Al-
though the judgment of dismissal was not
entered until February 28, 1963, it is clear
from the record that the same merely car-
ried into effect a ruling made in open
court on August 25, 1962.

Appellee now moves for dismissal of the appeal and submits proof that on September 17, 1962, appellant filed his selection of benefits with the Educational Retirement Board, whereupon he was advised that effective September 1, 1962 he was entitled to benefits of $122.76 per month; and, further, that payment of this amount was made on September 30, 1962, for the month of September, 1962 and a like amount has been paid each month since then.

It is appellee's position that the issues raised on the appeal have become moot because of appellant's actions in accepting retirement, and that nothing remains for consideration by the court except an academic or theoretical issue which under our decisions will not be reviewed or decided by us. Yates v. Vail, 29 N.M. 185, 221 P. 563; New Mexico Bus Sales v. Michael, 68 N.M. 223, 360 P.2d 639.

Appellant answers by pointing out that whereas, he is now retired and accordingly could not receive a teacher's contract, or engage in teaching under the provisions of § 73–12–67, N.M.S.A.1953, which provides, "No member shall be on retirement status while he is engaged in employment * *." as a teacher by appellee, he is nevertheless entitled to appeal the decision of the trial court which denied him the right to a contract at the end of the 1961–62 school year for the 1962–63 school year.

We do not agree. The issue on the appeal concerns the proper interpretation of Chap. 71, § 1, N.M.S.L.1955, and § 73–12–68, N.M.S.A.1953. Without deciding the merits of the controversy, viz., whether the trial court correctly determined that at the end of the 1961–62 school year appellant was not entitled to a contract, or to compensation for the 1962–63 school year, it seems apparent to us that when appellant voluntarily retired in September, 1962, he thereby disqualified himself from employment because of the provisions of § 73–12–67, N.M.S.A.1953, quoted above. As we said in State ex rel. Bernal v. Foraker, 64 N.M. 71, 323 P.2d 1107, "A teacher, by accepting the [retirement] benefits, removes himself completely from the public school system of the state."

The situation is not substantially different from that which arises where one appeals from a court decree granting a divorce and then marries another while the appeal is pending. See 169 A.L.R. 985, 1005. As we view the matter, appellant has taken an inconsistent position to that which he attempts to assert on appeal. In the court below he argued that he was entitled to a contract for the next school year because until he reached 60 years of age he could not be involuntarily retired. While his appeal was pending from a decision adverse to his position, he voluntarily retired, thereby foreclosing his right to a contract. Nothing could be accomplished by reviewing the issues present in the appeal, and we accordingly decline to do so. Compare Seaverns v. State, 76 Kan. 920, 93 P. 163.

We have not overlooked the possibility that even after accepting retirement appellant might again accept employment as a teacher, during which period of employment he could remove himself from retirement status. Assuming this to be true, the fact remains that in the instant case, appellant did not do so.

It follows from what has been said that any decision of this case on the merits would be academic and would determine no issues between the parties. The appeal should accordingly be dismissed.

It is so ordered.

COMPTON, C. J., and CARMODY, CHAVEZ and NOBLE, JJ., concur.