Costilla L. Co. v. Allen, 17 N. M. 343.

[No. 1490, November 7, 1912.]

# THE COSTILLA LAND & DEVELOPMENT COMPANY, et al., Appellees, v. ROBERT ALLEN, et al., Appellants.

## SYLLABUS (BY THE COURT).

1.  Sec. 2, chap. 120, S. L. 1909 only authorizes an extension of time within which to file a complete transcript, and under this section no authority exists for extending the time for "settling and signing the bills of exceptions."

2.  Sec. 4, chap. 120, S. L. 1909, authorizes the trial judge, or in his absence from the state, any other district judge, to grant an extension of time, to settle and sign the bills of exceptions, but application for such extension of time must be made at least ten days prior to the return day.

3.  Upon motion of appellees, accompanied by a skeleton transcript of the record, as required by sec. 21, chap. 57, S. L. 1907, the judgment of the lower court was affirmed. Thereafter appellants filed a motion to set aside the order of affirmance, based upon an extension of time granted him by the district judge, within which to "complete the bill of exceptions and transcript of record." Prior to the decision upon the question appellants permitted the additional time granted them to expire, and failing to file, or tender for filing, the complete transcript, appellees filed a new skelton transcript and moved again for an affirmance. Held: that as appellants have permitted the time to elapse, under the extension granted, that it would avail them nothing, should the court set aside the order of affirmance, as the court would be required to immediately reaffirm the case. Therefore the motion is denied, without determining the effect of the order signed by the district judge.

4.  Courts will not make a useless order or grant a party unavailing relief.

Appeal from District Court, Taos County.

## OPINION OF THE COURT.

ROBERTS, C. J.—The question now before the court, arises upon a motion filed by the appellants, to set aside an order of affirmance in the above entitled cause, entered by this court on the 29th day of May, 1912. The order was made, as a matter of course, upon motion by appellee, accompanied by a skeleton transcript of the record, as provided by sec. 21, of chap. 57, S. L. 1907, as amended by sec. 2 of chap. 120, S. L. 1909, because of the failure of appellants to file their transcript within the 130 days required by that act. The appellants accompany their motion to set aside the order of affirmance, with an order signed by the district judge on the 27th day of May, and within the 130 days, purporting to extend appellant's time for "completing the bill of exceptions and transcript of record." · Just what was intended to be accomplished by this order is somewhat difficult to understand. If it was designed to extend the time for "settling and signing the bill of exceptions," then the question arises as to whether or not application was made to secure such extension ten days prior to the 27th day of May, the return day. If it was intended to grant an extension of time within which to file a complete transcript in said cause, as provided for by section 2, chap. 120, S. L. 1909, then it is very inaptly worded; but it would be within the time. It is, however, unnecessary for us to determine the relief sought by appellants, or the effect of the order, but we desire to call the attention of the bar to two sections (sec. 2 and 4) of chap. 120, of the acts of 1909, and to suggest the advisability of a strict compliance with the section under which relief is sought. The two sections are designed to accomplish different purposes. Section 2, which provides:

"That the supreme court, or a judge of the district court, where such judgment was rendered, or any other justice of the supreme court, in the absence from the Territory of the judge of the court which rendered the judgment, may, for good cause shown, satisfactory to him grant to the appellant or plaintiff in error, further time to file a complete transcript in said cause, even though the time to

file the same may have expired," only authorizes an extension of time within which to file a "complete transcript," and does not provide for an extention of time for the "settling and signing the bills of exceptions." It will be noted that an extension of time within which to file a complete transcript may be granted, even though the time to file the same may have expired. Under the provisions of section 4, the trial judge, or his successor, or in the absence from the territory of said trial judge, any other district judge, may grant an extension of time, to settle and sign the bills of exceptions. It will be noted that said section closes with the following clause:

"Provided, however, that no such extension of time for settling and signing the bills of exceptions shall be granted, except application for such extension shall have been made at least ten days prior to the return day."

In order to profit by the provisions of this section, and secure an extension of time within which to have the bills of exceptions prepared, settled and signed, application must be made, at least ten days prior to the return day. This provision appears to be mandatory, and no authority exists for the extension of time, unless application is made therefor within the time limited.

The provisions are reasonably plain, and careful attention to their requirements should enable attorneys to so frame their motions and orders, that the court could readily determine the effect of the order and avoid the necessity of endeavoring to ascertain, by laborious efforts, the effect of the order of extension. The first section contemplates that an appellant or plaintiff in error might require further time within which to file a complete transcript, even though he had, within the time secured the settlement and signing of the bills of exceptions. This, because, after his bills of exceptions are settled and signed they must be copied into the record, and, in certain cases, he is required to print the record; and it may be necessary; and very probably is, to secure an extension of time, both for settling and signing the bills of exception and filing the complete transcript.

The motion to set aside the order of affirmance must be denied. Courts will not make a useless order or grant a party unavailing relief. It would profit appellants nothing, should the order of affirmance be set aside, because the case would, of necessity, be affirmed again, as appellants have failed to file in this court a complete transcript, if that be the effect of the order. The order, entered by the district judge of Taos County extended their time 130 days from the 27th day of May, on until October 4th, in which to file complete transcript. On October 7th appellees filed a transcript of record in said cause, made by the clerk of Taos County on the 5th day of October, which shows that appellants have filed no bond in supersedeas or cost bond, and that no order signed by the district judge, further extending time within which to file a complete transcript has been filed in this office. Appellees, upon this transcript, ask a reaffirmance of the judgment. Now should we set aside the former affirmance of judgment, we would be compelled to again affirm the judgment, under appellants second motion, and it would be useless and futile for us to grant appellants the relief sought, when it would profit them nothing.

Our territorial supreme court, in the case of Hubble v. Dame, 13 N. M. 366, said:

"No rule of practice is better settled than that when pending an appeal an event occurs without fault of appellee which rendered it impossible for the court, should its decision be favorable to the appellant, to grant him any effectual relief whatever, the court upon that fact being brought to its full knowledge will not proceed to formal judgment but will dismiss the appeal."

The court in that case cites many authorities in support of the doctrine, which we need not set out here. Now if this doctrine is sound, why should not the same rule be applied to this motion? If the setting aside of the judgment would accomplish nothing, why should the court be called upon to do an ineffectual thing?

The provisions of our statute are plain and should be easily understood, and it appears to us that it should not be a difficult matter to comply with its requirements. We

are not inclined to deny litigants their rights, upon technicalities, but some semblance of systematic procedure must be maintained. Orderly and uniform procedure is necessary to enable the courts to dispatch business; and secure an end to litigation. If a party, by simply securing the allowance of an appeal, can take such time as he pleases, regardless of statutory provisions, to perfect such appeal, the successful party in the lower court would never know when he was secure in the relief awarded him. In this case the appellants have never filed a cost bond, or a supersedeas bond. The statute requires the giving OF A COST BOND within thirty days after the allowance of the appeal. Even admitting that a cost bond might be filed after the expiration of thirty days, which we do not decide, certainly there is no excuse for a delay of more than 260 days in the filing of the bond after the appeal has been allowed. No showing has been made for this inexcusable default, or even attempted. We have not even been favored with a brief on the part of appellants, in support of their motion to set aside the judgment.

For the reasons stated the motion of appellants will be denied, and it is so ordered.