[No. 1581, December 17, 1913.]

ROSWELL NURSERY COMPANY, Appellee, v. FRED MIELENZ, Appellant.

SYLLABUS (BY THE COURT)

1. An abstract question, disconnected with the granting of relief in a case, and the determination of which would not affect the result, becomes an academic question which this Court will not consider.

P. 422

2. In the case of a breach of an executory contract for the sale of goods, by vendee before title has passed the vendor, as a general rule, cannot recover on the contract price, but his right is limited to an action for damages .

P. 422

3. Where an executory contract provides for the manufacture of an article after a particular pattern or style, so that

it would be useless, or practically useless, to anyone except the person for whom made, or in the case of trees prepared for planting, upon breach by the vendee before delivery, the measure of damages is the whole contract price.

P. 422

Appeal from the District Court of Chaves County; John T. McClure, District Judge; affirmed.

H. M. D.ow, Roswell, N. M.; R. C. Dow, Roswell, N. M., for appellant.

In case of the breach of an executory contract for the sale of goods, the seller cannot recover on the contract price but his right is limited to an action for damages. Acme Food Co. v. Older, 17 L. R. A. (N. S.) 807, et seq. and note; John Deere Plow Co. v. Gorman, 59 Pac. 177; American Hide & Leather Co. v. Chalkley, 44 S. E. 705; McCormick Harvesting Mach. Co. v. Balfney, 81 N. W. 10; Stewart v. Scott, 15 S. W. 463.

R. D. Bowers, Roswell, N. M., for appellee.

The findings of fact made by a court under section 2999, C. L. 1897, must be the same as, and take the place of the "special findings" of a jury as provided in section 2993, C. L. 1897. Lynch v. Grayson, 5 N. M. 487, 25 Pac. 992.

Findings of fact must be in writing. Know v. Trafalet, 94 Ind. 348; Conner v. Marion, 112 Ind. 517; May v. Cavender, 29 S. Car. 598, 7 S. E. 489; McGray v. Humes, 116 Ind. 103; Monroe v. Frenchtown, 98 Mich. 431; Rogers v. Bonnet, 2 Okla. 553; Williams v. Stevens Co., 72 Wis. 487; 2 Cyc. 1037.

Findings of fact must be filed with the clerk. Lloyd v. McWilliams, 137 U. S. 576; Blumenthal v. Asay, 3 Utah 507; Swanstrom v. Marvin, 38 Minn. 359; McCrady v. Jones, 36 S. Car. 136; 2 Cyc. 1037.

For only by being in writing, signed by the judge and

filed with the clerk, do they become a part of the record. Graham v. Bayne, 18 How. (U. S.) 60; 15 L. Ed. 265; Maverick v. Burnly, 30 S. W. 566; Taylor v. Keeler, 51 Conn. 399; Jones v. Block, 30 Cal. 227; Seibert v. Minn. R. Co., 58 Minn. 72.

Findings of fact must be of the ultimate facts. Powers v. U. S., 119 Fed. 562, 56 C. C. A. 128; Campbell v. Campbell, 16 N. Y. Supp. 165; Steele v. Matteson, 50 Mich. 313, 15 S. W. 488; Pearce v. Burns, 22 Mo. 577; U. .S v. Pugh, 99 U. S. 265, 25 L. Ed. 322; Singer Co. v. Stephens, 169. Mo. 1, 68 S. W. 903; Norris v. Jackson, 9 Wall. (U. S.) 127.

A general finding for the plaintiff is a finding that every fact necessary to a recovery by him has been proved. Knaggs v. Mastin, 9 Kans. 532; Early v. Hamilton, 75 Ind. 276; Castner v. Richardson, 18 Colo. 496; Blanc v. Paymaster Co., 95 Cal. 524; Stewart v. Sprott, 37 S. Car. 605; Kehoe v. Burns, 84 Wis. 372.

Conclusion of the trial court will not be disturbed on appeal unless clearly against the weight of the evidence. Eagle Min. Co. v. Hamilton, 14 N. M. 271, 94 Pac. 949.

The plaintiff had separated the defendant's trees from all others and set them apart as the defendant's property. Benjamin, Sales, 6th ed., p. 298, et seq.; Mechem, Sales, 721, et seq.

## STATEMENT OF FACTS.

The plaintiff in the District Court obtained a judgment against the appellant for $119.25, being the contract price of certain trees ordered by appellant on February 29, 1912, for delivery in the Spring of that year, which order, in part, defendant attempted to countermand, before delivery had been made, by a letter dated March 20, 1912, wherein he said, "have been trying hard to get around to the tree planting; hard luck seems to be hitting our work all the way through; just won't be able to put in the one ten-acre block; had to build a terraplane; too much salt grass in it; and couldn't get enough dirt, so it won't work, Consequently would like to cancel that part

of the order. Think will be able to get at the other ten-acre block next week." A few days later, i. e., March 26th, defendant again wrote as follows:

"Friend Johnson:—

"Your letter received regarding trees. What I want is to be relieved of the order for the 10 acres, as just can't get the water there to put them in; as to healing them in, wouldn't think of that for one minute; nor would I haul water. Taking this order over as I did, and what have done for your here, seems as if you ought to be able to reciprocate since am up against it.

"Would also like to know about the cottonwoods, as if I get in the 10 acres, will want cottonwoods around them, even if real late I believe; seems as if they ought to do well if set out as late as April 15; would want the mountain cotton-wood only. Let me know about your experience in setting them out that late. It will cramp me to get out the 10 acres by that time, but believe the apples are all right that late; if we can get together, would want the trees for the 10 acres at once, and will heal them in here; that ought to set them back a little, and believe by time have ground in shape and water on it, that they will do good.                          "Yours truly,

"Fred Mielenz."

Plaintiff's uncontradicted testimony is that upon the receipt of the first of these letters he had the trees in the healing ground ready for shipment. That 170 trees, included in the order, he had purchased from another nurseryman, having grown the rest himself, and that the trees were a total loss if he didn't deliver them.

The shipment was made on the 3rd or 4th of April, and was rejected by defendant and after remaining in the depot, at point of delivery, for two or three months, was burned by the railroad company.

At the conclusion of the trial, the Court announced that he would find for the plaintiff. Whereupon counsel for defendant made oral request for certain findings relative to which the transcript reads as follows:—

"Finding of fact requested by the defendant: Mr. H. M. Dow. 1. Did Mr. Johnson as agent of the Roswell Nursery Company in this case have notice or receive notice prior to the shipment of the trees in question that the defendant didn't wish to carry out his order? 2. Prior to the shipment in question did Mr. Johnson as agent of the Roswell Nursery Company regard Mr. Mielenz as having countermanded his order?

"The Court: I will give you the first finding of fact. Now the second finding of fact, did this man regard Mr. Mielenz as having countermanded the order, his position was, he had no right to countermand it. I find the fact that this man notified him he didn't want the trees prior to the shipment. Answer to first finding, Yes.

"Mr. H. M. Dow: I will ask for another finding to make it more specific: Did Mr. Johnson have notice from the defendant prior to the shipment of the trees that the defendant didn't want the trees that he had ordered?

"The Court: I will say yes to that."

### OPINION OF THE COURT.

HANNA, J.—The first question presented for our consideration is that the judgment is contrary to the findings of fact. In this connection appellee urges that the so-called findings of fact are not the findings of fact contemplated by sec. 2999 of the Compiled Laws of 1897, because not in writing, or requested in writing, or signed by the judge and filed with the clerk.

In view of our conclusion in this case that the findings of fact are not contrary to the judgment rendered for reasons that will appear in this opinion, the contention of appellee becomes an abstract question, disconnected with the granting of relief in this case, and the determination of which would not affect the result arrived at. 2 Cyc. 533.

The appellant asserts that the judgment is contrary to the findings.

Our view being that the order in question could not be

countermanded, as an abstract proposition of law, for which reason the objection of appellant.fails and our opinion upon the subject of appellee's contention with respect to the findings becomes purely an academic question which we decline to pass upon. .

A careful examination of the record discloses that the trial court proceeded upon the theory that the order, upon which the contract involved in this case was based, could not be countermanded under the circumstances of the case. Such properly considered to be contrary to the judgment rendered in the case.

The correctness of the view of the trial court will be considered under the next proposition for consideration, viz: that the judgment is contrary to law, because the order sued on had been countermanded before plaintiff had done everything required by the contract.

We cannot see that there had been a revoking of the order previously given, though there was an expressed desire to avoid responsibility for half the order. It, also, appears that before defendant attempted a partial countermand of his order, he had been advised by plaintiff in a letter, dated March 13, 1912, that the trees were ready for shipment, having been placed in the healing ground.

The appellant contends that in the case of a breach of an executory contract for the sale of goods, before delivery, the seller cannot recover on the contract price, but his right is limited to an action for damages.

We do not disagree with appellant's contention in this respect and that the principle is supported by the great weight of authority is clear, (see authorities collected in case note to Acme Food Co. v. Older, 17 L. R. A., N. S. 808), but the principle, like so many others, is not without exception. We find that the principle in question has no application to a case where one has contracted to manufacture articles upon order according to specifications to be designated, and had purchased all the necessary material and. parts, but had not assembled the same. Gardner v. Deeds & Hirsigg, 4 L. R. A. (N. S.) 740.

The necessity and reason for the exception to the principle, admitted to be controlling in the case of executory contracts generally, is well stated in an editorial note to the case last cited, in the following language:

"And the general rule can have no application, unless it appears that, upon breach by the vendee, the vendor could have placed the commodity on the market, and, by thus disposing of it, have relieved himself from the consequences of the vendee's default. If the article manufactured is made after a particular pattern or style, so that it would be useless, or practically useless, to anyone except the person for whom made, it would seem as if the vendor should be entitled to recover the whole contract price."

The reasoning of this editorial note is peculiarly applicable to the present case. The defendant had received an order for certain fruit trees one and two years old, and before the desire of plaintiff to change or modify his order was received, had ordered a part of the trees from another nurseryman, and had dug up other trees from his own nursery, cutting the same back and putting them in the healing ground ready for shipment.

It also appears that undisputed testimony, to the effect that inability to deliver the trees would result in their total loss, was introduced. Under such circumstances, we do not think the general principle should apply, but on the other hand, that the case falls more fairly within the exception generally invoked in the case of manufactured articles.

Finding no error in the record, the judgment of the District Court is affirmed.