[No. 2402.    Sept. 3, 1920.]

## VALENCIA WATER CO. v. NEILSON ET AL.

### SYLLABUS BY THE COURT.

1. An appellate court will not decide abstract, hypothetical, or moot questions, disconnected from the granting of actual relief, or from the determination of which no practical relief can follow.        P. 31

2. Section 5723, Code 1915, construed. **Held,** that an interested party, dissatisfied with the decision of the board of water commissioners upon any matter appealed to it and from the state engineer, may appeal from such decision of the board by filing a notice of appeal with the board and serving same upon all parties interested within 30 days after such decision by the said board; that the board of water commissioners fixes the amount of the bond to be given by the appellant, and is required to enter an order allowing the appeal. If such order is entered in time, it is the duty of the appellant to procure and file a transcript, or the record of all proceedings with reference to the controversy, in the office of the clerk of the district court to which the appeal is taken within 60 days. If by reason of the nonaction of the board this cannot be done within such time, the appeal might be perfected at any time within three months. If the board fails to meet and act within three months, then the notice of the appeal and bond become functus officio, and the decision of such board ·can be reviewed only upon petition and by writ of certiorari, directed to said board and served upon the clerk thereof. A district court has no jurisdiction to entertain an appeal, where the same has not been allowed by said board within three months from the date of the decision appealed from, and purported action by the district court in docketing and dismissing an appeal not so allowed was without jurisdiction.        P. 31

3. An appellate court has no jurisdiction of an appeal in a matter as to which the lower court was without jurisdiction.
        P. 33

Appeal from District Court, Valencia County; Mechem, Judge.

Application by the Valencia Water Company for an extension of time for the appropriation of waters of a creek, opposed by F. G. Neilson and others, who also sought the granting of their permits to appropriate. Application granted by the state engineer, and application of Neilson and others denied, and Neilson and others appealed to the board of water

commissioners, where the applications were consolidated, and from a decision of the board the company appealed, and from the action of the district court in docketing and dismissing the appeal, the company appeals.   Appeal dismissed.

George C. Taylor and E. W. Dobson, both of Albuquerque, for appellant.

Marron & Wood, of Albuquerque, for appellees.

### OPINION OF THE COURT.

ROBERTS, J.   Appellant was an applicant for appropriation of water under application No. 35 in the office of the state engineer, in which it sought to appropriate certain waters of Bluewater Creek.   Its application was allowed, and some work done, various extensions of time applied for and granted, and some time prior to August 2, 1917, it made a further application for extension of time.   Appellees were applicants for permit to appropriate waters of said creek under applications Nos. 1,036, 1,037, 1,038, 1,039, and 1,041.   The appellees objected to the extension of time applied for, and asked that said extension be refused and their permits to appropriate granted.   The state engineer granted the extension asked for under permit 35, and refused the applications of appellees.   From this order an appeal was taken to the board of water commissioners, where the applications were consolidated for the purpose of the hearing.   The board heard the evidence, and on the 12th day of January, 1918, entered its order denying the application of appellant for the extension of time, and granting and approving appellees' applications for permits to appropriate.   In February thereafter, and presumably within 30 days, appellant filed notice of appeal with the board of water commissioners, and possibly a bond; this fact not clearly appearing.   If the appeal was ever allowed by the board, and the bond approved, such fact has not been made to appear here.

In October, 1919, appellees here filed in the office of the clerk of the district court of Valencia county, that being the county in which the appropriation was sought, an affidavit by Francis E. Wood, an attorney at law, reciting the facts as to the judgment and decision of the board of water commissioners, the notice of appeal, and that affiant was advised that a bond was filed, and that no further steps had been taken, and a motion was filed, asking the court of Valencia county to dismiss the appeal. Over the objection of appellant, the court docketed the appeal and dismissed it, because of the failure of appellant to perfect the said appeal, or to docket the same in the district court within six months from the time same was granted, or, as the district court put it, the appellant had allowed two terms of the district court to pass since the appeal was allowed without docketing the same in said court. From this order of dismissal, appellant has appealed to this court, and has discussed questions which, in view of our conclusion, are of no importance.

[1]    It is well settled that an appellate court will not decide abstract, hypothetical, or moot questions, disconnected from the granting of actual relief, or from the determination of which no practical relief can follow. In re Englehart, 17 N. M. 299, 128 Pac. 67, 45 L. R. A. (N. S.) 237, Ann. Cas. 1915A, 54; Costello Land Co. v. Allen, 17 N. M. 343, 128 Pac. 79; Roswell Nursery Co. v. Mielenz, 18 N. M. 417, 137 Pac. 579; Alldredge v. Alldredge, 20 N. M. 471, 151 Pac. 314; State ex rel. v. Holloman, 25 N. M. 117, 177 Pac. 741. Appellant's contention here, if it should prevail, would result in the remanding of the case to the district court, with instructions to set aside its order dismissing the appeal.

[2]    Article 1, of chapter 114, Code 1915, regulates the statutory appropriation of water for irrigation and other purposes. It provides for a state engineer, to whom all applications for permits to appropriate water are made in the first instance,

and creates a board of water commissioners, to be composed of three members, and authorizes an appeal to said board from any action or refusal to act by the state engineer in regard to any application for permit to appropriate water or extension of time applied for, etc. Section 5721, Code 1915, gives the right of appeal to said board from the state engineer, and provides:

"Notice of such appeal shall be served upon the state engineer and all parties interested within thirty days after notice of such decision, act or refusal to act, and unless such appeal is taken within said time, the action of the state engineer shall be final and conclusive."

Section 5723 provides that the decision of the board shall be final, subject to appeal to the district court of the district where such work or point of desired appropriation is situated—

"to be taken within sixty days from the date of said decision, upon notice served in the manner and within the time in this article provided for service of notice of appeal from decisions or acts of the state engineer, and upon filing a cost bond in such sum as the board may fix with two or more sureties," etc.

The language thus far quoted is somewhat confusing, but we believe it was the intention of the Legislature to require notice of the appeal to be given within 30 days from the decision; the filing of the cost bond, which it will be observed is essential, in order to effect an appeal, to be within 60 days; and the perfecting of the appeal by procuring and filing the transcript within such time, provided the board of water commissioners meet and allow an appeal, which action is seemingly required by the provision of the statute hereafter quoted. If said board has acted promptly, and has allowed the appeal, then it would be the duty of the appellant to file the transcript within 60 days. We quote further from the statute:

"If for any good reason said board should fail to meet and act upon any such appeal within 90 days after the filing of

notice thereof with the clerk of said board, the case may be taken before the district court of the district wherein the work done or point of desired appropriation in controversy is situated upon petition and by writ of certiorari directed to said board and served upon the clerk thereof."

From this it would appear that it was essential that the board shall meet and enter an order allowing the appeal, and that this should be done within 3 months from the date of the entry of the order appealed from; that failure upon the part of the board to so meet and allow the appeal would render the notice of appeal and bond functus officio, and the remedy of the party desiring the appeal would be by certiorari. In other words, it was the intention of the Legislature that prompt action on said appeal should be had and if this could not be procured, by reason of the failure of the board to meet and act, then the matter should be taken before the proper district court by writ of certiorari, in which event, of course, the district court would be able to secure prompt action.

[3] Such being the facts, and the law applicable construed as above, the following conclusion is inevitable: Appellant's notice of appeal and bond, if one was given, which is to say the least doubtful, became functus officio at the expiration of 3 months from the time of such notice of appeal so filed; no order of the board having been procured within that time allowing the appeal. This being true, the district court had no jurisdiction thereafter to entertain the appeal, or appellees' motion to docket the case and dismiss the appeal. In other words, there was no appeal, and no action of the district court was required in the premises. This being true, appellant was in no manner prejudiced by the action of the district court, docketing the case and dismissing the appeal, and their rights were not affected thereby. That court had no jurisdiction in the premises, and it is well settled that an appellate court has no jurisdiction of the appeal in a matter

as to which the lower court was without jurisdiction, except to determine such question of jurisdiction.

For this reason the appeal to this court will be dismissed; and it is so ordered.

PARKER, C. J., and RAYNOLDS, J., concur.