[No. 2617.   July 20, 1921.]

## BACA v. COURY.

### SYLLABUS BY THE COURT.

1.   Where an appellant or plaintiff in error fails to make all interested parties in the court below parties to the appeal or writ of error, he may, upon leave granted by this court, compel such interested parties to become parties to the appeal or writ of error. .                              P. 276

2.   If a transcript of record as filed by an appellant or plaintiff in error is not correct, or fails to contain all of the proceedings of record in the court below, the additional matter should be brought into the record by certiorari.   P. 277

Error to District Court, Guadalupe County; Leahy, Judge.

Action by G. J. Coury against Mauricio Chavez, in which Hilario Baca intervened. There was an order denying his motion to quash and intervener brings error. On motion to dismiss. Motion denied.

F. Faircloth, of Santa Rosa, for plaintiff in error.

W. T. Brothers, of Santa Rosa, for defendant in error.

OPINION OF THE COURT.

ROBERTS, C. J.  G. J. Coury, on the 4th day of
February, 1918, filed suit in the district court of
Guadalupe county against Mauricio Chavez in
assumpsit, and sued out a writ of attachment, and
also filed a lis pendens notice on certain real estate.
The real estate covered by the attachment and lis
pendens was lots 21 and 22 in block 127 of the town
of Santa Rosa.  Chavez did not appear, and judg-
ment by default went against him on the account.
After the attachment was served and the lis pen-
dens filed, Chavez sold the real estate in question to
Braulio Rivera and wife, who subsequently trans-
ferred it to Hilario Baca.  It does not appear
whether the real estate was ever sold under the writ
of attachment from the record before the court.  An
order of sale was made, however, on the 31st day of
November, 1919.  On the 20th day of April, 1921,
Hilario Baca, plaintiff in error, filed a motion asking
that he be permitted to enter a special appearance
in the cause, which was apparently granted, and he
moved to quash the writ of attachment because the
attachment bond had not been approved by the clerk
of the district court and because the clerk had not
indorsed his approval upon the bond.  The court
denied the motion to quash, to review which order
Baca sued out a writ of error from this court.

The petition for the writ of error was entitled
"Hilario Baca, Plaintiff in Error, v. G. J. Coury,
Defendant in Error."  Chavez was not made a party
defendant.  Defendant in error has filed a motion
to dismiss the writ of error on two grounds:

First, that the cause was properly entitled, in
that Baca was not a party the court below.  There
is no merit in this, because the record before the
court now shows that he was allowed to intervene.

[1]  The second ground is that Mauricio Chavez
should have been made a party to the writ of error,
either joining with the plaintiff in error or joined

as a defendant. We think he should have been made a party, but permission will be granted by this court, upon proper application, to the plaintiff in error to bring in the omitted party, and this upon the authority of State ex rel. Baca v. Board of County Commissioners, 21 N. M. 713, 158 Pac. 642.

[2] The defendant in error has filed what he terms a reply brief in which he suggests that after the order entered, to review which the writ of error was sued out, the court upon application corrected the order showing that leave had not been granted Hilario Baca to intervene in the lower court. Attached to the brief is a purported certified transcript of the proceedings leading up to said amended order. If the transcript, as filed by the plaintiff in error, is not correct or does not contain all the proceedings of record in the court below, the additional matter should have been brought into the record by certiorari. The matter attached to the reply brief of defendant in error is no part of the record and cannot be considered by this court. The statute (chapter 43, Laws 1917) provides how the transcript of record is made up and omissions therein supplied.

For the reasons stated, the motion to dismiss the writ of error will be denied; and it is so ordered.

RAYNOLDS and PARKER, JJ., concur.