357 P.2d 335

**Margaret S. PADGETT, Plaintiff-Appellant,**

**v.**

**Harold D. PADGETT, Jr., Defendant-Appellee.**

**No. 6809.**

Supreme Court of New Mexico.

Dec. 1, 1960.

Fred L. Nohl, Billy J. Sholer, Albuquerque, for appellant.

David G. Housman, Albuquerque, for appellee.

CHAVEZ, Justice.

Appellant, Margaret S. Padgett, plaintiff below, filed suit in Bernalillo County, New Mexico, to collect delinquent accrued payments of alimony and child support on a divorce decree granted appellee in the state of Nevada. The trial court granted appellant a summary judgment and also granted appellee the right to visit a minor child of the parties at reasonable times and intervals. Thereafter, upon application of appellee the trial court stayed the execution of appellant's judgment until appellant would agree to grant appellee reasonable right of visitation. This appeal followed.

Originally, appellee obtained a decree of divorce from appellant in Washoe County, Nevada. In said suit a written agreement was presented to and approved by the court and made a part of the decree. Said agreement settled all matters pertaining to the respective property rights of the parties, the obligations and liabilities of each to the other, and all matters pertaining to the custody and support of appellant and the minor child of the parties. The Nevada court granted appellant the custody of the minor child and decreed that appellee pay appellant $100 per month as alimony, and $150 per month for the support of the minor child until August 1, 1960, when it shall be increased to $200 per month, or a larger sum in accordance with an earnings schedule of appellee as set out in the agreement. Nothing is said in the decree or settlement agreement that appellee is entitled to visitation rights, although the agreement provides that the parties shall live separate and apart from each other, and that neither will interfere with nor intervene in the affairs of the other. The record indicates that appellant and the minor child, now eight years old, are and have been residents of Arizona. Appellee is now a resident of Bernalillo County, New Mexico.

Appellant gave appellee due notice of hearing on her motion for summary judgment and, after a hearing on said motion, the trial court granted appellant a summary judgment. In said judgment the trial court

also granted appellee the right to visit the minor daughter of the parties at reasonable times and intervals. No testimony appears in the record. Neither is there a showing that any notice was given appellant that the question of visitation rights would be heard at the hearing on appellant's motion for summary judgment.

On April 27, 1960, the day after the summary judgment was entered, appellee filed a motion to stay the execution of said judgment on the ground that appellee does not believe that appellant has agreed to let him have reasonable visitation rights, and for the further reason that the order of the trial court granting appellee reasonable visitation rights is without effective force while appellant remains in Arizona and refuses appellee reasonable visitation.

Appellee gave appellant's attorney in Albuquerque notice that the hearing on his motion to stay the execution of the judgment would be heard on April 29, 1960. This notice appears to have been mailed to appellant's counsel on April 27, 1960, and was filed on April 28, 1960. On May 5, 1960, the trial court entered its order staying the judgment which had been entered until appellant effectively grants appellee reasonable visitation rights. On the same day, appellant was granted an appeal to this court.

Several interesting questions, not necessary for a decision in this case, are posed.

Appellant alleges error in that the trial court ruled upon the question of visitation rights at the hearing on appellant's motion for summary judgment, and without any pleading that appellee sought the right of visitation. All this without any notice to appellant that the matter of visitation rights would be considered, and without opportunity to meet that particular question. Appellant also claims error in that she did not have proper notice of appellee's motion to stay the execution of the judgment. We agree with appellant. Appellee's purported notice of his motion to stay the judgment did not comply with Rule 6(d), Rules of the District Courts of the State of New Mexico.

This court recently had occasion to pass upon a question similar to the one presented in this case. In Tuttle v. Tuttle, 66 N.M. 134, 343 P.2d 838, 840, error was alleged in that the trial court decreed a change of custody without its being sought by the pleadings, and without the wife having an oportunity to meet any question in connection therewith. We said that even though our statute (1953 Comp. § 22–7–6) provides that the court:

"* * * 'may modify and change any order in respect to the guardianship, care, custody, maintenance or education of said children, whenever circumstances render such change proper.' This provision of the statute does not mean that the court can act

**4**

without a hearing, after notice to all necessary parties, and after giving them an opportunity to present evidence in connection therewith."

We held that before any parent or other person having legal custody is deprived of the same, or any change made therein, the usual and ordinary procedures must be adhered to.

The case is remanded to the district court with instructions to vacate that part of the order relating to visitation rights, to vacate the order staying the execution of the judgment, and to proceed in a manner not inconsistent herewith.

Attorney's fees for appellant's attorneys on this appeal are allowed in the sum of $500, to be taxed as costs. It Is So Ordered.

MOISE and NOBLE, JJ., concur.

COMPTON, C. J., and CARMODY, J., not participating.