359 P.2d 134

Robert P. PORTER, Jr., Plaintiff-Appellant,

v.

ROBERT PORTER & SONS, INC., a Corporation, Robert Porter Investment Corporation, a Corporation, Wayne Hudspeth, Herman Pitts, U. V. Skaggs, H. M. Black and J. D. Bavousett, Defendants-Appellees.

No. 6701.

Supreme Court of New Mexico.

Jan. 31, 1961.

Rodey, Dickason, Sloan, Akin & Robb and John P. Eastham, Albuquerque, for appellant.

Garland & Martin, Las Cruces, for appellees.

MOISE, Justice.

In the complaint filed in this cause the plaintiff has sued Robert Porter & Sons, Inc. and Robert Porter Investment Corporation, together with the directors of the

two corporations and one other individual in four counts. Under the first count it is alleged that the salaries of the defendant, who is not a director, and of one of the directors and possibly others have been raised by the defendants who are directors and prays that such action in raising salaries be set aside and any amounts received as increased salary be repaid to the corporation, and for attorney fees and costs. This count is based on the fact that in a previous suit between the same parties to determine the ownership of the controlling interest in the two corporations, an audit was being made pursuant to a Supreme Court mandate, and that the action of the directors in increasing salaries was contrary to the interest of the plaintiff.

In the second count plaintiff alleged that the defendant directors have or are about to take certain actions contrary to his interests and asks that they be enjoined from issuing any stock in Robert Porter & Sons, Inc.; from declaring any dividends in the corporation; from transferring any assets except in the ordinary course of business; from interfering with the relations of the corporation and its customers and suppliers; from authorizing any salary increases; and generally from doing anything to disturb the status of the corporation pending determination of ownership of the majority of stock in the corporation.

The third count is similar to count two except it applies to Robert Porter Investment Corporation.

Count four alleges that plaintiff is the owner of a 7/16 interest in certain real property occupied by Robert Porter & Sons, Inc. as an office and warehouse, and that he has not been paid his share of the rent thereon, and he asks that said corporation be ordered to pay him his share of back and accruing rent.

A restraining order as prayed in counts two and three was issued by Judge Reidy upon presentation of the complaint, and the matter was set for hearing on the application for a temporary injunction.

To the complaint the defendants filed a lengthy motion to dismiss the complaint and dissolve the temporary restraining order. This motion discloses a state of facts necessary for an understanding of the situation confronting the court which resulted in Judge Reidy recusing himself and designating Judge John R. Brand of the Fifth Judicial District to preside in the cause. After a hearing an order was entered by Judge Brand dissolving the injunction or restraining order entered by Judge Reidy and dismissing this action and ordering plaintiff not to file in any other court any further actions involving the subject matter in dispute in this cause, without first obtaining permission from

the court. It is from this order that this appeal is prosecuted.

The order appealed from has a lengthy narrative recital of the history of the litigation which is generally uncontroverted and which we now condense as much as possible.

The plaintiff Robert P. Porter, Jr., formerly a resident of the state of New York, together with his brother Harry C. Porter, a resident of New Mexico, are the sons of Robert P. Porter, Sr., and Alice Porter, both now deceased. The parents had been divorced in 1936 but their property rights were never settled. Alice Porter died in 1953 and, thereafter, the father Robert P. Porter, Sr., prior to his death commenced suit in Dona Ana County, New Mexico, where he lived and the corporation had its main place of business, against the two sons, seeking a declaratory judgment to determine the ownership of the stock in the two corporations involved herein. This action which was cause No. 13,560 on the docket of the district court of Dona Ana County was appealed to the New Mexico Supreme Court and resulted in a conclusion that all property of Alice Porter and the plaintiff was community property as of the date of the divorce, and a mandate issued to the trial court to order an accounting between the parties based upon such conclusion. This case is Porter v. Porter, 65 N.M. 14, 331 P.2d 360. Such accounting is in process.

After the mandate and during the period when the accounting was taking place, according to appellant's statement of facts, not controverted by appellees, suit was filed by the two brothers against Robert P. Porter & Sons, Inc. (there is some dispute as to whether Robert Porter Investment Corporation was involved in this suit—it was not a named party) and various directors, officers and employees of that corporation to restrain issuance of 480 shares of stock in the corporation alleging such action to be fraudulent, and to require any such stock to be surrendered back, and to further restrain anything being done to alter the control of the corporation alleged by plaintiffs to be in them. This is cause No. 15,471 on the docket of the district court of Dona Ana County. Judge Brand was designated to preside in said cause, and at a hearing therein he enjoined the issuance of the 480 shares of stock and ordered any stock that had been issued be cancelled and further ordered the matter held in status quo pending completion of the audit then in process in cause No. 13,560.

From the motion to dismiss and the narrative contained in the order appealed from herein, it further appears that after the mandate was issued in cause No. 13,560, and while the Dona Ana County suit referred to above was pending, the plaintiff herein also filed suit in the United States District Court for New Mexico against the

defendants in the Dona Ana County suit and seeking generally the same relief being sought therein; that, thereafter counsel sought to amend his complaint in federal court to accomplish what is being sought in this appeal, but was denied permission and the federal case was dismissed by the court. After this dismissal plaintiff filed the present case. Robert P. Porter, Sr., has died since the first case was filed, and Harry C. Porter has not joined in this action and was not a party to the federal court action.

It is clear from the order of dismissal herein that Judge Brand felt that the relief sought in this cause was the same as that being sought in the Dona Ana County case, and that if relief greater than that originally sought in Dona Ana County was deemed necessary, the proper forum was the Dona Ana County court. He also indicated that in his opinion it was improper for counsel for plaintiff to have undertaken this cause in Bernalillo County when the other case in which a temporary injunction had been issued and matters ordered held in status quo was still pending before the court.

On this appeal the appellant asserts that the cause of action here sued upon is different from that sued on in the Dona Ana County cause No. 15,471 and accordingly the court erred in dismissing it. Appellant also argues that this cause and Dona Ana County cause No. 15,471 are both in personam actions, and that the court erred in treating cause No. 15,471 as an in rem action and holding that jurisdiction having been first acquired by the Dona Ana County court, this jurisdiction was exclusive. As a third point appellant claims that action of the trial court in enjoining the bringing of other actions by appellant violated his constitutional rights.

It should be stated at the outset that we have a very sketchy and unsatisfactory record upon which to base our conclusions on the first two issues. We know nothing concerning the nature of the Dona Ana County cause No. 15,471, nor about the case in the federal court except what is recited in appellees' motion and the court's order of dismissal. True, appellant has attached as Exhibit "A" to his brief what purports to be the first amended complaint filed in cause No. 15,471 on the docket of the Dona Ana County district court, and appellees have attached as Exhibits "A", "B" and "C" to their answer brief what purport to be respectively the complaint, the first amended complaint attempted to be filed, and the order dismissing the federal court case.

Our Supreme Court Rule 17, subd. 1 being § 21–2–1(17), subd. 1, N.M.S.A.1953, reads as follows:

"The Supreme Court in appeals or writs of error shall examine the record, and on the facts therein contained alone

shall award a new trial, reverse or affirm the judgment of the district court, or give such other judgment as to it shall seem agreeable to law, and said Supreme Court shall not decline to pass upon any question of law or fact which may appear in any record either upon the face of the record or in the bill of exceptions because the cause was tried by the court, or judge thereof, without a jury, but shall review said cause in the same manner and to the same extent as if it had been tried by a jury."

■ There can be no question that in disposing of an appeal the facts by which this court is limited are those disclosed by the record and no others. What constitutes the record proper and bill of exceptions is covered by Supreme Court Rule 13 (§ 21–2–1(13), N.M.S.A.1953), and Rules 12 and 14 (§§ 21–2–1(12) and (14), N.M.S.A. 1953) set forth how the transcript is to be prepared, what is to be included therein, and how omissions may be supplied. We have no bill of exceptions before us, and neither does the record disclose copies of any of the pleadings which would permit us to determine with certainty the exact nature of cause No. 15,471 and of the federal case. To attempt to supply what is missing by attaching exhibits to the briefs is not permitted by the rules, and accordingly, we will not consider the same. Baca v. Coury, 27 N.M. 275, 199 P. 1015.

As already stated, our knowledge of the nature of the relief sought or granted in Dona Ana County cause No. 15,471 and in the federal court case is limited to the allegations in the motion and the statement of the court in the order dismissing the present case. We do not consider the court's statements to be in the nature of findings—they do not purport to be—neither do we find in the appellees' motion sufficient upon which to make the necessary determinations, assuming that it would be proper for us to do so.

What does seem clear to us is that even though due examination of these two proceedings might disclose that they sought entirely different relief from that here desired and accordingly there was no legal impediment to this case being heard and decided on its merits, and even though we might be satisfied that appellant had a right to seek relief in a different court from that which he first entered, nothing whatsoever can be accomplished on his behalf herein inasmuch as he finds himself before the same Judge who presided in and still retains control of the Dona Ana County case, and he is free to attempt to get the relief which he sought in Bernalillo County in that case, whereas he was denied it in this case.

■ In other words, what we are saying is that we decline to pass on the issue of the correctness of the court's ruling

in dismissing appellant's action, first because the record is insufficient for us to do so, and second because it would gain appellant nothing. The situation is not unlike that present when questions become moot. If we affirm the lower court appellant must seek his relief in the Dona Ana County cause No. 15,471 with Judge Brand presiding; if we reverse he may seek his relief in this case in Bernalillo County before Judge Brand. We prefer, everything considered, to leave the matter where it stands and not pass upon the correctness of the court's ruling. This is in accord with a rule of law long recognized in this state to the effect that on appeal this court will not make useless orders nor grant relief that will avail appellant nothing, and neither will it decide questions that are abstract, hypothetical or moot, where no actual relief will be afforded. Costilla Estates Development Co. v. Allen, 17 N.M. 343, 128 P. 79; Valencia Water Co. v. Neilson, 27 N.M. 29, 192 P. 510; In re Hickok's Will, 61 N.M. 204, 297 P.2d 866.

This leaves for decision only the question of the propriety of the court's action restraining appellant from bringing any other suit in any other court involving the subject matter of the present action without first making application and getting permission from the court.

Appellant argues that by its order the court has attempted to take jurisdiction over matters not within its province. Appellant further argues that the order is in clear violation of his rights as guaranteed by Article II, Sections 12 and 18 of the New Mexico Constitution, and the Seventh and Fourteenth Amendments of the Constitution of the United States.

To these claims appellees answer by asserting that courts do have power to enjoin successive actions brought solely for the purpose of harassment and vexation. That a court may do so in a proper case we do not doubt. Trees v. Glenn, 319 Pa. 487, 181 A. 579, 102 A.L.R. 304. See note, 102 A.L.R. 308, 315. However, that a court may do it of its own motion or where it has not been asked or an opportunity to be heard afforded is not orderly practice, to say the least. Appellant cites no authorities in his brief to support his position.

■ Appellees, in turn, rely on three California cases, viz., Aldrich v. Trans-Continental Land and Water Co., 131 Cal.App. 2d 788, 281 P.2d 362; Dennis v. Overholtzer, 149 Cal.App.2d 101, 307 P.2d 1012; and Wellborn v. Wellborn, 67 Cal.App.2d 540, 155 P.2d 95. It is sufficient to point out that in the first and third of these cases application was made to the court first having acquired jurisdiction to determine the issues before it and the right, upon request and proper showing, to enjoin a party from proceeding with vexatious litigation in other courts of concurrent jurisdiction is recognized and upheld. As we have hereinabove

stated, we do not question the correctness of this holding. Dennis v. Overholtzer, supra, differs from the other two cases in that it appears that no injunctive relief had been asked in the complaint, and the California Court of Appeals there held, under a provision of their statutes, that a court upon proper showing and even though an injunction had not been requested, in order that a multiplicity of actions be avoided and the status quo maintained or irreparable injury prevented during the pendency of a suit over which it had assumed jurisdiction, could enjoin parties before it from bringing or prosecuting other suits. Assuming, without deciding, that this power exists without a statute such as is present in California, a comparable situation would exist if injunctive relief had been granted in the Dona Ana County case, not in the Bernalillo County case. We think the right to enjoin a party from seeking equitable relief in another court may be exercised in a proper case by a court having jurisdiction in order that its processes not be frustrated and to give complete relief—in other words in support of a decree in the Dona Ana County case.

■ Just as the court erred in granting visitation rights as a condition to the levying of execution on a judgment when the pleadings did not seek such an order and no hearing had been afforded in Padgett v. Padgett, 68 N.M. 1, 357 P.2d 335; and just as the court was held to have erred in changing a custody order when not sought by the pleadings in Tuttle v. Tuttle, 66 N.M. 134, 343 P.2d 838, likewise it was error for the court in the instant case, without application or hearing, to restrain the appellant from proceeding in any other action in any other court as he may be advised under the circumstances disclosed by the record before us.

We are not called upon to decide whether under any circumstances it would be proper to grant the injunction in a separate action upon application and hearing. However, see, Boston & Maine R. R. v. Delaware & Hudson Co., 268 N.Y. 382, 197 N.E. 321.

For the reasons stated the cause is remanded with instructions to reinstate the cause on the docket and modify the order appealed from by dissolving the injunction heretofore entered, each party to bear his own costs on appeal.

It is so ordered.

COMPTON, C. J., and CARMODY and CHAVEZ, JJ., concur.

NOBLE, J., not participating.