664 P.2d 1021

**Virgil C. MARTINEZ, Plaintiff-Appellee,**

v.

**The ZIA COMPANY and United States Fidelity and Guaranty Company, Defendants-Appellants.**

**No. 6093.**

Court of Appeals of New Mexico.

May 17, 1983.

Sumner G. Buell, Santa Fe, for defendants-appellants.

Alfred M. Carvajal, P.A., Albuquerque, for plaintiff-appellee.

## OPINION

WOOD, Judge.

In this worker's compensation case, the trial court increased the compensation award by ten percent on the basis that the injury "results from the negligence of the employer in failing to supply reasonable safety devices in general use for the use or protection of the workman * * *." NMSA 1978, § 52–1–10(B). Defendants appeal. We discuss: (1) pleading; (2) safety device; (3) general use; and (4) dispose of two motions.

*Pleading*

The claim for compensation alleged:

Plaintiff is entitled to an increase of ten (10%) percent of her [sic] ordinary award herein by reason of the Defendant employers [sic] failure to supply reasonable safety devices in general use for the use and protection of workers within the circumstances of this case.

NMSA 1978, § 52–1–10(E) provides:

No employee shall file a claim for increased compensation * * * because of the lack of a safety device * * * unless the claim identifies the specific safety device which it is claimed was not furnished by the employer.

Defendants assert that the safety device contention should be dismissed for failure to state a claim upon which relief can be granted. Their argument is twofold. First, they allege the claim was legally deficient and, thus, could not support the award. Second, they contend the trial court erred in refusing defendants' requested finding that the claim was legally deficient. Both arguments are based on the deficient pleading; the complaint did not identify the *specific* safety device.

We agree that the safety device allegation in the complaint failed to comply with § 52–1–10(E), and was legally deficient. Defendants did not move to dismiss for failure to state a claim. *See* NMSA 1978,

Civ.P.R. 12(b)(6) (Repl.Pamp.1980). Defendants assert their failure to challenge the legal sufficiency of the pleading prior to trial is of no consequence because the failure to state a claim can be raised at any time. *See Jernigan v. Clark and Day Exploration Company,* 65 N.M. 355, 337 P.2d 614 (1959). We assume, but do not decide, that the question of failure to state a claim was properly before the court by defendants' requested finding.

▌ Because the safety device claim was legally deficient, we also assume that no safety device issue was raised by the pleadings and that if defendants had objected at trial to testimony concerning the safety device issue, the trial court could properly have sustained the objection. However, there was no objection.

NMSA 1978, Civ.P.R. 15(b) (Repl.Pamp. 1980), states:

When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues.

Where issues are tried by implied consent of the parties, they will be treated as if they had been raised in the pleadings. *Terry v. Terry,* 82 N.M. 113, 476 P.2d 772 (1970); *White v. Wayne A. Lowdermilk, Inc.,* 85 N.M. 100, 509 P.2d 575 (Ct.App.1973).

Defendants assert that use of the Rules of Civil Procedure is inappropriate. They recognize that NMSA 1978, Civ.P.R. 8(e) (Repl.Pamp.1980) states that technical forms of pleading are not required, but point out that Civ.P.R. 8(e) is not applicable because of NMSA 1978, § 52-1-34. That statute provides:

The Rules of Civil Procedure * * * shall apply to all claims * * * under the Workmen's Compensation Act except where provisions of the Workmen's Compensation Act directly conflict with these rules, in which case the provisions of the Workmen's Compensation Act shall govern.

We agree that the pleading requirement of § 52-1-10(E) governs over Civ.P.R. 8(e), but that is a non-issue.

We have proceeded on the basis that the safety device claim was not an issue raised by the pleadings. The safety device issue was before the trial court because that issue was tried with implied consent. Defendants do not claim that any provision of the compensation statute directly conflicts with Civ.P.R. 15(b). Under § 52-1-34, Civ.P.R. 15(b) was applicable.

The safety device claim is not to be dismissed on the basis of a pleading defect, because it was tried by consent of the parties.

*Safety Device*

The trial court's unchallenged finding is that the accident occurred "when plaintiff, while operating a Bobcat, was backfilling a foundation and the machine hit some solid concrete causing an injury to plaintiff's back." The testimony indicates plaintiff was backing the machine when the accident occurred.

The trial court found:

At the time of the accident, the Bobcat that plaintiff was using was not equipped with a rear view mirror thus preventing plaintiff from seeing behind him, the area which he was working. The defendant-employer had other Bobcats with such mirrors.

Substantial evidence supports the finding. Plaintiff testified:

Q Was there any way that you could have seen what was behind you before you hit it?

A No[t], really, because your back end of the seat is way up here, and the window is way up.

Q So, there was no way that you could have seen what you hit?

A Unless I had a mirror. If I had a mirror on the side or at least on the top.

Q This machine didn't come with mirrors?

A Some of them have, but that one didn't have any.

The trial court also found that "such mirror * * * was a safety device". Defendants contend "that under the circumstances" the rearview mirror was "not a safety device within the meaning of Section 52–1–10 NMSA 1978." Defendants rely on the statement in *Hicks v. Artesia Alfalfa Growers Association,* 66 N.M. 165, 169, 344 P.2d 475 (1959):

> [N]ot all things which promote safety can be considered as safety devices, and even those things which might be safety devices for one purpose may not be so for another purpose. Were it otherwise, practically every workmen's compensation case would come within the provisions of the increased penalty statute.

In *Hicks* there were heavy gauge wires holding sections of a prefabricated building in place during shipment. During unloading, Hicks was injured. The injury occurred because all the wires were cut prior to any unloading rather than cutting the wires for a particular section as the particular section was unloaded. *Hicks* suggests that the method of removing the wires during unloading "would not ordinarily be considered as having any relationship to safety devices to be used for unloading." (*Id.,* 66 N.M. at 169, 344 P.2d 475.)

The above quotation from *Hicks* is helpful; it points out that what is or is not a safety device depends on the purpose involved. Our concern is with the statutory words "reasonable safety devices". What is a reasonable safety device is a factual question to be decided by the fact finder. *Apodaca v. Allison & Haney,* 57 N.M. 315, 258 P.2d 711 (1953), involved a device to give notice of deadly gases; *Flippo v. Martin,* 52 N.M. 402, 200 P.2d 366 (1948), involved a clamp to hold a cable; *Pino v. Ozark Smelting & Mining Co.,* 35 N.M. 87, 290 P. 409 (1930), involved goggles to protect the worker's eyes. In each of the preceding three citations, the question of a reasonable safety device was a factual question.

The evidence supports the trial court's finding that the rearview mirror was a safety device.

*General Use*

Section 52–1–10(B) requires that the safety device be in "general use" in the industry. "General use" means "prevalent," "usual," "extensive though not universal," "wide spread". *Romero v. H.A. Lott, Inc.,* 70 N.M. 40, 369 P.2d 777 (1962). *Romero* states:

> We have held that custom or usage is a matter of fact and not of opinion. *Briggs v. The Zia Company,* 63 N.M. 148, 315 P.2d 217; but, that proof of the fact may be established either by testimony of specific uses, *Jones v. International Minerals and Chemical Corporation,* 53 N.M. 127, 202 P.2d 1080, or by evidence of general practice of contractors, *Apodaca v. Allison & Haney,* 57 N.M. 315, 258 P.2d 711. See *Briggs v. The Zia Company,* supra. [*Id.,* 70 N.M. at 43–44, 369 P.2d 777.]

In this case we need only to consider the "industry" as the operation of the machine called "Bobcat". *See Hicks v. Artesia Alfalfa Growers Association.*

Plaintiff testified:

Q Could you see out of the back of that bobcat if you turned around and looked?

A It is hard to see.

Q Could you have seen if you had turned around and looked?

A I don't think so because that window is way up high. You sure need a mirror on the side or the inside mirror.

Q Have you ever driven any bobcats in any other business or industry?

A Yes, sir.

Q What other businesses or industry?

A With Brennan Construction Company and Thompson and Zia and some other company. I can't remember right off the bat.

Q Did all the bobcats that you drove there have mirrors on them?

A Mostly all of them. They set some mirrors on them.

Q  Some had some mirrors?

A  Yes, sir, most of them.

This testimony is sufficient to sustain the finding that a rearview mirror was "in common use in the industry" and the finding that the rearview mirror was a "reasonable" safety device.

Defendants' failure to provide a reasonable safety device in general use met the requirement of negligence. *Apodaca v. Allison & Haney.*

Defendants point out that the only evidence of "general use" came from plaintiff, that no third-party witness was "produced to corroborate or elaborate on the use of rearview mirrors on 'Bobcats' in the construction industry." On this basis, defendants assert an absence of substantial evidence to support the trial court's findings. The credibility and weight of plaintiff's testimony was for the fact finder. *Romero v. H.A. Lott, Inc.* The trial court could properly find as it did on the basis of plaintiff's testimony.

*Motions*

■ (a) A picture of a "Bobcat" was attached to defendants' brief. Defendants state that the picture came from an advertisement of the manufacturer; that the picture was not intended as evidence of the machine that plaintiff drove "but only to give this Court an idea of the general configuration of the machine involved rather than spend a number of pages trying to describe the vehicle."

The appeal was presented on the basis of a partial transcript of proceedings. A verbal description of the machine as well as the picture would be outside the record on appeal; neither would be entitled to consideration.

Plaintiff's motion to strike the picture is granted. *State ex rel. Alfred v. Anderson,* 87 N.M. 106, 529 P.2d 1227 (1974); *Porter v. Robert Porter & Sons, Inc.,* 68 N.M. 97, 359 P.2d 134 (1961).

(b) Plaintiff's motion for an award of attorney fees for the services of his attorney on appeal is granted. NMSA 1978, § 52–1–54(D).

The judgment of the trial court is affirmed. Plaintiff is awarded $1,000.00 for the services of his attorney in this appeal. Defendants shall bear their appellate costs.

IT IS SO ORDERED.

HENDLEY and NEAL, JJ., concur.