This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**PRISCILLA A. SHANNON,**

Plaintiff-Appellee,

v.                                                              **No.  31,619**

**SANTINA JOHNSON,**

Defendant-Appellant,

v.

**JIM JOHNSON,**

Garnishee.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Sandra A. Price, District Judge**

Ronald R. Adamson
Farmington, NM

for Appellee

Santina Johnson
Aztec, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

Defendant appeals pro se from a judgment on writ of garnishment, claim of exemptions and order to pay ("garnishment order"). [RP 120] We proposed to dismiss because any issues regarding the garnishment became moot once Defendant paid the underlying judgment. Defendant filed a memorandum in opposition, which we have duly considered. After reviewing Defendant's memorandum, we are unconvinced that our proposed disposition is in error and thus we dismiss the appeal.

In our notice of proposed summary dismissal, we observed that Defendant was seeking to appeal pro se from a garnishment order entered September 9, 2011. [RP 120] The garnishment order was entered because Defendant owed a total of $7,781.05 to Plaintiff, the judgment creditor in the underlying judgment. [RP 120] On October 18, 2011, after the garnishment order was entered but before any monies were apparently collected pursuant to that order, Defendant satisfied the underlying judgment, thus negating the need for the garnishment order. [RP 148] Based on the October 18, 2011, satisfaction of judgment, we proposed to hold that any issues regarding the propriety of the garnishment order are now moot. Thus, we proposed to dismiss Defendant's appeal because this Court does not give advisory opinions when the issues have been rendered moot. *See Srader v. Verant*, 1998-NMSC-025,

¶ 39, 125 N.M. 521, 964 P.2d 82; *Insure N.M., LLC v. McGonigle*, 2000-NMCA-018, ¶¶ 26-27, 128 N.M. 611, 995 P.2d. 1053.

In her memorandum in opposition, Defendant argues that our proposed disposition is in error because Plaintiff wrongfully sought to collect on the judgment while the appeal was pending. [MIO unnumbered pages 1-3] She claims that our rules require all collection actions to cease during the pendency of an appeal. [MIO 1] We disagree.

As discussed in our notice of proposed summary dismissal in this proceeding, Defendant may only appeal the propriety of the garnishment order, not the underlying judgment entered by the magistrate court. Defendant failed to appeal from the underlying money judgment entered by the magistrate court and the time for doing so has now passed. *See* NMSA 1978, § 35-13-1 (1975); Rule 2-705(A) NMRA. Defendant cannot now challenge the magistrate court's judgment. As to the garnishment order, there is nothing in the record to indicate that any action was taken on that order while this appeal was pending, and Defendant makes no representations that the underlying judgment was satisfied from monies obtained through garnishment.

To the contrary, it appears that the underlying judgment was satisfied by means other than the garnishment after Plaintiff attached a lien to Defendant's property.

3

[MIO 1-2] Therefore, any failure to formally "stay" the garnishment order had no effect on Plaintiff's efforts to collect on the underlying judgment by filing a lien on Defendant's property. [MIO 1-2] To the extent Defendant is claiming that Plaintiff acted illegally by attaching a lien on Defendant's home, [MIO 1-2] we decline to consider her contentions because there is nothing in the record concerning the alleged lien. *See Lujan ex rel. Lujan v. Casados-Lujan,* 2004-NMCA-036, ¶ 20, 135 N.M. 285, 87 P.3d 1067 (recognizing that "[b]edrock principles of appellate law dictate that matters not of record present no issue for review").

Finally, our review of Defendant's memorandum in opposition indicates that she is again seeking to challenge the propriety of the underlying money judgment in addition to the garnishment order. [MIO 1-4] For example, Defendant claims that she was not allowed to appear telephonically and that the magistrate court judge erroneously refused to reopen the case. [MIO 4] As stated previously in this opinion and as discussed in our notice of proposed summary dismissal, we do not consider any allegations concerning the propriety of the underlying judgment because Defendant failed to appeal from that judgment, and the time for doing so has now passed. *See* § 35-13-1; Rule 2-705(A). We further note that the district court also rejected Defendant's attempt to challenge to the underlying judgment based upon her failure to appeal from that judgment. [RP 32, 96]

In closing, we note that, even if we were to consider and to agree with Defendant's contention that the garnishment of the alimony payments was improper, our decision would fail to grant Defendant any relief because Plaintiff would still be entitled to the money she received in satisfaction of the underlying judgment. Thus, we dismiss Defendant's appeal because we refuse to "grant relief that will avail [the] appellant [of] nothing." *Porter v. Robert Porter & Sons, Inc.*, 68 N.M. 97, 102, 359 P.2d 134, 137 (1961).

**Conclusion**

Based upon the foregoing, and for the reasons set forth in our notice of proposed summary dismissal, we dismiss Defendant's appeal because any issues concerning the garnishment became moot once the underlying judgment was satisfied and because Defendant failed to file a timely notice of appeal from the underlying judgment.

**IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge**

**CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____

**CYNTHIA A. FRY, Judge**