This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**SARA L. BENAVIDES,**

    Worker-Appellant,

v.                                          **NO. 32,450**

**EASTERN NEW MEXICO MEDICAL**
**CENTER and ZURICH AMERICAN**
**INSURANCE COMPANY,**

    Employer/Insurer-Appellees.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Gregory D. Griego, Workers' Compensation Judge**

Gerald A. Hanrahan
Albuquerque, NM

for Appellant

Timothy Hale
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**VANZI, Judge.**

{1} Worker appeals from a Workers' Compensation order providing her with benefits but denying a ten percent safety device penalty. We proposed to affirm. Worker has responded with a memorandum in opposition.

{2} In this appeal, Worker has raised seven issues that may be addressed in consolidated form as follows. Pursuant to NMSA 1978, Section 52-1-10(B) (1989), Worker sought a 10% increase in benefits due to Employer's failure to provide a safety device. Specifically, Worker based her claim on the failure to have a "wet floor" sign posted at the place of her injury. Section 52-1-10(B) provides:

> In case an injury to, or death of, a worker results from the failure of an employer to provide safety devices required by law or, in any industry in which safety devices are not prescribed by statute, if an injury to, or death of, a worker results from the negligence of the employer in failing to supply reasonable safety devices in general use for the use or protection of the worker, then the compensation otherwise payable under the Workers' Compensation Act shall be increased ten percent.

{3} In a memorandum opinion, the Workers' Compensation Judge (WCJ) noted that Employer provided wet floor signs for use by housekeeping staff. [RP 1298] However, the signs were not deployed as they should have been. [RP 1298] Under these circumstances, the WCJ concluded that the 10% safety penalty should not be imposed, pursuant to the analysis set forth in *Jaramillo v. Anaconda Co.*, 95 N.M. 728, 625 P.2d 1245 (Ct. App. 1981). In *Jaramillo*, this Court determined that the "failure to provide" language in Section 52-1-10(B) did not apply to a situation where a safety device is provided by an employer but is not properly employed by a

2

coworker. *Id.* at 729, 625 P.2d 1246. This is precisely what happened here. Accordingly, our calendar notice proposed to affirm.

**{4}** In her memorandum in opposition, Worker claims that she is not asking us to overrule *Jaramillo*. [MIO 1] In support, Worker refers us to *Martinez v. Zia Co.*, 100 N.M. 8, 10, 664 P.2d 1021, 1023 (Ct. App. 1983), where the safety device was a missing rearview mirror on a Bobcat. [MIO 3] Worker relies on the fact that the employer in that case had provided other Bobcats that did not have missing mirrors, and analogized this to the availability of wet floor signs in the present case. *See id.* We are not persuaded. We believe that *Martinez* is distinguishable because there is no indication in the present case that Employer provided defective warning signs. As such, we conclude that *Jaramillo* is controlling in this case. Likewise, Worker's reliance on *Dickerson v. Farmer's Elec. Coop.*, 67 N.M. 23, 26, 350 P.2d 1037, 1039 (1960) is misplaced because, as in *Martinez*, the items used (safety gloves) were themselves defective safety devices. [MIO 4]

**{5}** Finally, we are also not persuaded that *Jaramillo* was abolished by any changes to NMSA 1978, Section 52-1-8(B) (1989), concerning defenses, that were made subsequent to *Jaramillo*. There were no relevant changes made to this particular subsection in the 1989 amendments. NMSA 1978, § 52-1-8(B) (1973).

**{6}** For the reasons set forth above, we affirm.

**{7}** **IT IS SO ORDERED.**

3

_____

**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**J. MILES HANISEE, Judge**