512 P.2d 951

**STATE of New Mexico ex rel. William F. RUDOLPH, Manuel Archuleta and Marvin Romero, Appellees,**

v.

**Miguel LUJAN, County Clerk of the County of San Miguel of the State of New Mexico, Respondent-Appellant.**

No. 9643.

Supreme Court of New Mexico.

July 27, 1973.

Leon Karelitz, Las Vegas, for respondent-appellant.

No appearance for petitioners-appellees.

OPINION

McMANUS, Chief Justice.

This suit was brought in the District Court of San Miguel County to compel the county clerk to place on the November 7, 1972 general election ballot the names of appellees as nominees of a qualified political party for the office of County Commissioner of San Miguel County. Each appellee sought the office from a different district within the county. An alternative writ of mandamus was issued by the court and a peremptory writ followed. On November 1, 1972, appellant filed notice of appeal from the writ. That same day, the court granted supersedeas pending appeal. The November 7, 1972 general election has taken its place in history and we assume that appellees' names were never placed on the ballot.

Now, appellant seeks to have this court determine the merits of the question: Does a county commission candidate, at the time he is nominated by a qualified political party for county commissioner for a given district, have to be a resident of that district?

Ordinarily, we would dismiss this case because no substantial relief can be afforded, the passage of time having rendered the issue moot. Board of Com'rs of Bernalillo County v. Coors, 30 N.M. 482, 239 P. 524 (1925). However, we decide the question involved for two reasons: (1) it seems to possess sufficient public importance to warrant a decision and (2) it is likely to recur.

In part, art. V, § 13, of the New Mexico Constitution, states: "The legislature may

in its discretion provide that elective county commissioners reside in their respective county commission districts." Pursuant to this authority, the legislature enacted § 15–37–3, N.M.S.A.1953, which reads as follows, in pertinent part:

"Each county may be divided by the board of county commissioners into three [3] compact districts, as equal in proportion to population as possible, numbered respectively as one, two and three, and if so divided shall not be subject to alteration oftener than once in two [2] years, and one commissioner shall be elected from each district by the votes of the whole county *but he shall be a resident of the district from which he is elected.*" (Emphasis added.)

The record shows that San Miguel County has been divided into districts. The trial court found that appellees were not residents of the respective districts from which they sought election. It concluded as a matter of law that appellees were required to be residents of the districts from which they sought election. However, it also concluded appellees were qualified as candidates from the districts for which they had been certified by their political party, even though they were not residents of those districts. A peremptory writ of mandamus was issued directing appellant to place the names of appellees on the November 7, 1972 election ballot.

A reason for restricting candidates to residents of the district from which they seek election is to insure that each elected commissioner has knowledge of the problems and the needs of the district from which he is elected. We believe it is properly within the spirit of such restriction, and will promote efficient filing administration, to require that a candidate be a resident of the district from which he seeks election *at the time his name is certified.*

Reversed, with instructions to quash the peremptory writ.

It is so ordered.

OMAN and MONTOYA, JJ., concur.