**54**

691 P.2d 55

Antonio I. VELASQUEZ,
Contestant-Appellee,

v.

Richard L. CHAVEZ,
Contestee-Appellant.

No. 15641.

Supreme Court of New Mexico.

Nov. 8, 1984.

Jesus L. Lopez, Nicolas T. Leger, Las Vegas, for contestee-appellant.

Robert F. Sanchez, Las Vegas, for contestant-appellee.

## OPINION

STOWERS, Justice.

Appellant Richard L. Chavez (Chavez) appeals the trial court's decision that he was ineligible to seek or hold the office of Guadalupe County Commissioner for District 3 because he was not a resident of that county commission district. We affirm.

The issue we determine is whether a candidate for County Commission must reside in the district for which he runs.

In the Guadalupe County Democratic primary, three people filed for the County Commission position for District 3: Chavez, appellee Antonio I. Velasquez (Velasquez), and Albert N. Sanchez. Chavez received the most votes in the election, was certified as the winner, and was designated the nominee for the position. Velasquez then filed an election contest alleging that because Chavez did not reside in the district, he was ineligible for the position. Chavez admitted that he lives and resides within Commission District 2. After a hearing, the trial court found that Chavez resided within District 2; that he was not eligible or legally qualified to run for the District 3 position; that he received the majority of the votes cast for the position; and that he received a certificate of nomination from the County Canvassing Board. The trial court then concluded that Chavez was ineligible to run for the office, that there exists a vacancy on the democratic ballot for the office, and that the vacancy is to be filled by the Guadalupe County Democrat Central Committee. The Committee designated Velasquez as the candidate. Chavez then filed this appeal. There is no republican opposition for the position.

The requirement that counties in New Mexico be divided into three county commission districts has a long legislative history in this State. As early as 1876, with the enactment of the Acts of the Legislative Assembly of the Territory of New Mexico, each county was required to be divided. See 1876 N.M. Laws, ch. 1, § 10. In subsequent years, this provision remained substantially unchanged. See, e.g., 1897 N.M. Laws, Title VII, ch. 1, § 660; NMSA 1915, § 1190; NMSA 1929, § 33–4203; NMSA 1941, § 15–3503. In 1941, the Legislature attempted to amend the provision and require that "one commissioner shall be nominated at the primary election by the qualified electors of the district wherein such commissioner resides." 1941 N.M. Laws, ch. 194, § 1. An attorney general opinion subsequently stated that the 1941 law was unconstitutional and as a result, the original law was still in full force and effect. AG Op. No. 4043 (1942). The opinion noted that a commissioner's district is not a political sub-division as contemplated under Article V, Section 13 of the 1941 New Mexico Constitu-

tion, which provided that "[a]ll district, county, precinct and municipal officers, shall be residents of the political subdivisions for which they are elected or appointed." *Cf. Gibbany v. Ford,* 29 N.M. 621, 225 P. 577 (1924) (wards of a municipality are not "political subdivisions" within the meaning of N.M. Const. art. V, Section 13).

In 1959, the Legislature again attempted to amend the districting statute to require residency. 1959 N.M.Laws, ch. 106, § 1. However, until the New Mexico Constitution was amended in 1960, to allow such residency requirements, these provisions would have been invalid. Article V, Section 13 as amended now provides:

> All district, county, precinct and municipal officers, shall be residents of the political subdivisions for which they are elected or appointed. The legislature is authorized to enact laws permitting division of counties of this state into county commission districts. The legislature may in its discretion provide that elective county commissioners reside in their respective county commission districts.

Thereafter, in 1961, the Legislature amended the districting statute to provide in pertinent part that "one commissioner shall be elected from each district by the votes of the whole county but *he shall be a resident of the district from which he is elected.*" 1961 N.M.Laws, ch. 27, § 1 (emphasis added) (subsequently amended and now codified as NMSA 1978, Section 4–38–3 (Repl. Pamp.1984)).

The record indicates that Guadalupe County was divided into three county commission districts by a resolution adopted by its Board of County Commissioners on July 8, 1908. When DeBaca County was created from a part of Guadalupe County, the Board of County Commissioners adopted a resolution on February 5, 1918, re-districting the county. Although the minutes of a 1972 Board of County Commissioners meeting indicate that a discussion on re-districting the county commission districts was held, the record shows that since 1918, no action has been taken to alter, abolish, re-district, or otherwise affect the districts which were established.

Chavez contends that Section 4–38–3(A) is directory in nature and that unless positive, affirmative, and absolute action is undertaken by the board of commissioners to re-district the county pursuant to the statute as amended in 1961, the residency language is not put into effect. We disagree. Both the 1959 and 1961 amendments recognized that districts which previously existed would continue to exist unless subsequently changed. 1959 N.M.Laws, ch. 106, § 1; 1961 N.M.Laws, ch. 27, § 1. The Guadalupe county commission districts were established pursuant to statutory authority, were never changed after 1918, and continue to exist. The 1961 amendment merely added the residency requirement to the already existing districting provisions.

Finally, each candidate should have known about the residency requirement because the candidate was required to sign an affidavit of declaration of candidacy prior to being placed on the primary ballot stating that he was a resident of the commission district for which he declared his candidacy. Requiring candidates to be residents of the district from which they seek election "insure[s] that each elected commissioner has knowledge of the problems and the needs of the district from which he is elected." *State ex rel. Rudolph v. Lujan,* 85 N.M. 378, 379, 512 P.2d 951, 952 (1973).

The judgment of the trial court is affirmed.

IT IS SO ORDERED.

RIORDAN and WALTERS, JJ., DONNELLY, C.J., Court of Appeals, and ALARID, J., Court of Appeals, concur.