This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO ex rel.**
**VILLAGE OF LOS LUNAS and**
**VILLAGE OF LOS LUNAS COUNCIL**,

Plaintiffs-Appellants,

v.                                                                    **NO. 33,903**

**COUNTY OF VALENCIA, BOARD**
**OF VALENCIA COUNTY COMMISSIONERS,**
**CITY OF BELEN, and CITY OF BELEN**
**COUNCIL**,

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**Valerie A. Huling, District Judge**

Montgomery & Andrews, P.A.
Andrew S. Montgomery
Stephen S. Hamilton
Santa Fe, NM

Griego & Guggino
Laurence P. Guggino, Jr.
Los Lunas, NM

for Appellants

Robles, Rael & Anaya, P.C.
Charles Rennick

Marcus J. Rael
Albuquerque, NM

The Brown Law Firm
Desiree J. Gurule
Kevin M. Brown
Albuquerque, NM

for Appellees

## DECISION

**VIGIL, Chief Judge.**

{1}     This case concerns the competing efforts of Belen and Los Lunas to have a county hospital built in their community.[1] We assigned the case to the expedited bench program based on Belen's unopposed motion to do so. Thus, this Decision is not to be considered of any precedential value for any other case. *See* Court of Appeals Miscellaneous Order No. 1-46 (June 23, 2010) (continuing and expanding expedited bench program). Because this is a Decision and the parties are familiar with the facts and procedural posture of the case, we set forth only such facts and law as are necessary to decide the merits.

## I.    BACKGROUND

---

[1]Plaintiffs are the Village of Los Lunas and the Village of Los Lunas Council. Unless otherwise required, we refer to them as Los Lunas. Similarly, Defendants County of Valencia and Board of Valencia County Commissioners are referred to as Valencia County, and Defendants City of Belen and City of Belen City Council are referred to as Belen, unless otherwise required.

{2} In late 2006 Valencia County voters approved a mill levy tax for eight years to build and operate a county hospital. The mill levy went into effect in 2007 and currently has about $15 million. Shortly after the mill levy tax went into effect, a group of citizen taxpayers filed an action to enjoin the Board of Valencia County Commissioners from entering into a hospital management agreement and from using mill levy funds to construct a hospital. The district court denied relief, and we affirmed. *Cordova v. Bd. of Cnty. Comm'rs of Valencia Cnty.*, 2010-NMCA-039, ¶ 13, 148 N.M. 460, 237 P.3d 762.

{3} On July 17, 2013, Valencia County approved a contract with Belen that provided for transfer of the mill levy funds to a provider selected by Belen to operate and maintain a hospital in Valencia County. The vote was three to two. Valencia County agreed to enter into a health facilities contract with a provider selected by Belen provided that Belen: (1) issued a request for proposals (RFP) for a provider to operate and maintain a hospital in Valencia County pursuant to the health facilities contract attached to the RFP; (2) submitted a financing plan for the construction and equipping of the hospital; and (3) required the provider to contract with Valencia County under the health facilities contract attached to the RFP.

{4} On August 16, 2013, Los Lunas filed a complaint for declaratory judgment, quo warranto, and preliminary and permanent injunction against Valencia County and Belen. Los Lunas sought a judgment declaring that the vote approving the contract

3

was invalid because (1) a Valencia County Commissioner who voted to approve the contract with Belen sold his home pursuant to a real estate contract on July 12, 2013, and "upon information and belief" did not reside in his district on July 17, 2013, "but resided in another state"; and (2) the contract between Belen and Valencia County was an impermissible delegation of authority to Belen. Los Lunas sought an order declaring the contract to be invalid and impermissible under the Hospital Funding Act, NMSA 1978, §§ 4-48B-1 to -29 (1947, as amended through 2003) and injunctive relief to prohibit Valencia County from entering into the hospital facilities contract with the provider to be chosen by Belen.

{5}     Valencia County and Belen filed motions to dismiss on the basis that Los Lunas lacked standing to bring the action and failed to present a case of actual controversy as required by the Declaratory Judgment Act, NMSA 1978, §§ 44-6-1 to -15 (1975). The district court concluded that (1) Los Lunas had no standing because it failed to allege "any injury-in-fact resulting from the county commission's action in approving the agreement" and "have alleged only speculative economic harm to the [V]illage"; and (2) "this is not a matter of great public importance" because the vote by a commissioner who did not live in the district "does not involve a clear threat to the essential nature of government guaranteed to the citizens of the State of New Mexico by the Constitution." The complaint was dismissed, and Los Lunas appeals.

**II.     DISCUSSION**

4

## A. Standard of Review

{6} A motion to dismiss pursuant to Rule 1-012(B)(6) NMRA tests the legal sufficiency of the complaint. We review a district court's order granting Defendants' motion to dismiss de novo and accept as true all facts properly pleaded. *See Healthsource, Inc. v. Xray Assocs. of N.M., P.C.*, 2005-NMCA-097, ¶ 16, 138 N.M. 70, 116 P.3d 861. A question of standing presents a question of law, which is reviewed de novo. *Prot. & Advocacy Sys. v. City of Albuquerque*, 2008-NMCA-149, ¶ 17, 145 N.M. 156, 195 P.3d 1.

## B. Analysis

{7} Assuming without deciding that Los Lunas does not have traditional standing, we conclude that Los Lunas has standing under the great public importance exception and reverse the district court on this basis. The great public importance doctrine is "an overarching exception" to general standing requirements that allows us "to reach the merits of a case even when the traditional criteria for standing are not met, either by an individual or an organizational plaintiff." *ALCU of N.M.*, 2008-NMSC-045, ¶ 12; , 144 N.M. 471, 188 P.3d 1222; *see Piedra, Inc. v. N.M. Transp. Comm'n*, 2008-NMCA-089, ¶ 44, 144 N.M. 382, 188 P.3d 106 ("Denial of standing under the guidelines may not prevent enforceability of a claim that involves a question of great public importance.").

{8} Issues of great public importance generally involve "clear threats to the essential nature of state government guaranteed to New Mexico citizens under their Constitution—a government in which the three distinct departments, legislative, executive, and judicial[] remain within the bounds of their constitutional powers[,]" or "election cases implicating the guarantee of 'free and open' elections under Article II, Section 8 of the New Mexico Constitution." *ALCU of N.M.*, 2008-NMSC-045, ¶ 33 (omission, internal quotation marks, and citation omitted). When conduct is alleged that "threatens the integrity of state government[,]" the public interest doctrine may be invoked to confer standing. *Forest Guardians v. Powell*, 2001-NMCA-028, ¶ 35, 130 N.M. 368, 24 P.3d 803.

{9} Los Lunas contends that the case raises issues of great public importance because, accepting the allegations in the complaint as true, the deciding vote cast in favor of the contract with Belen was void. *See* N.M. Const. art. V, § 13 ("All . . . county commissioners . . . shall be residents of the political subdivision or district from which they are elected or for which they are appointed."); N.M. Const. art. X, § 7 (stating that a county commissioner's "[c]hange of residence to a place outside the district from which a county commissioner was elected shall *automatically* terminate the service of that commissioner and the office shall be declared vacant" (emphasis added)); NMSA 1978, § 4-38-3(A) (2002) ("If a commissioner permanently removes his residence from or maintains no residence in the district from which he was elected,

6

he shall be deemed to have resigned."); *Velasquez v. Chavez*, 1984-NMSC-109, ¶ 1, 102 N.M. 54, 691 P.2d 55 (affirming the district court's decision that a candidate was ineligible to seek or hold the office of county commissioner because he was not a resident of the district). Los Lunas argues that an act by a government body that fails to represent its electors is a clear threat to the essential nature of state government guaranteed by the Constitution.

{10} Valencia County and Belen on the other hand argue that the current case does not rise to the level of great public importance. Instead, they contend this case involves the qualification of a county commissioner in the context of a single action by the commission, that this is a matter purely of local interest, and does not threaten the essential nature of government or the separation of powers. They contend that because the case involves the validity of a single contract, based on the vote of a single county commissioner at a single point in time, standing should not be recognized under the great public importance doctrine.

{11} We conclude that this case presents a clear case of great public importance. As we have already noted, our Constitution specifically and unambiguously requires county commissioners to reside in the political subdivision or district from which they are elected, and a change of residence outside the district automatically terminates the service of commissioner, and the office is deemed vacant. The Legislature has followed suit and adopted legislation that specifically and unambiguously states that

7

a commissioner is deemed to have resigned upon permanently removing from or failing to maintain a residence in the district from which the commissioner was elected. Thus, based on the allegations of the complaint, the injury in this case is not merely commercial or economic. Democratic self-government is nullified when the deciding vote to commit citizens' tax monies to a third party is void. Nothing less than the integrity of the democratic process itself is at stake, and the alleged conduct constitutes a clear threat to "the essential nature of state government guaranteed to New Mexico citizens under their Constitution." *Piedra, Inc.*, 2008-NMCA-089, ¶ 44 (internal quotation marks and citation omitted). Our Constitution gives specific recognition to these concepts in stating, "All political power is vested in and derived from the people: all government of right originates with the people, is founded upon their will and is instituted solely for their good." N.M. Const, art. II, § 2.

## III.   CONCLUSION

{12}    For the reasons stated, we reverse the district court ruling that this was not a matter of great public importance. The district court order of dismissal is reversed and this matter is remanded for proceedings consistent with this Decision.

{13}     **IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Chief Judge**

**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**


_____
**M. MONICA ZAMORA, Judge**